**Erica P. MILLIKEN, et al.**

v.

**CITY OF LEWISTON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 5, 1990.
Decided Sept. 24, 1990.

Justin W. Leary, Robert A. Laskoff, P.A., Lewiston, for plaintiffs.

Paul C. Catsos, Evan M. Hansen, Preti, Flaherty, Beliveau & Poachios, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS, and BRODY, JJ.

WATHEN, Justice.

Plaintiff Erica P. Milliken appeals from summary judgment entered in favor of defendant City of Lewiston in the Superior Court (Androscoggin County, *Alexander, J.*). Relying on the so-called "mode of operation" rule, plaintiff argues on appeal that premises liability may exist even in the absence of actual or constructive knowledge of the defect. We disagree and affirm the Superior Court's grant of summary judgment.

Plaintiff alleged in her complaint that defendant was negligent in permitting a foreign object to remain on the floor in a public school cafeteria. The following un-

controverted facts were developed in connection with the motion for summary judgment: On September 11, 1987, plaintiff slipped on a green pepper and injured her knee while walking by a self-serve salad bar in the cafeteria of the Lewiston Junior High School. Although two cafeteria monitors and two janitors were present at the scene, no one, including plaintiff, saw the green pepper on the floor before the accident.

■■■ Defendant owed plaintiff and her fellow students "the positive duty of exercising reasonable care in providing reasonably safe premises for their use." *Poulin v. Colby College*, 402 A.2d 846, 848 (Me. 1979). *See also Isaacson v. Husson College*, 297 A.2d 98, 103 (1972); *Orr v. First National Stores*, 280 A.2d 785, 789 (1971). When a foreign substance on the floor causes a member of the public to sustain injuries, the injured party ordinarily bears the burden of proving the defendant's negligence by establishing (1) that the defendant caused the substance to be there, or (2) that the defendant had actual knowledge of the existence of the foreign substance, or (3) that the foreign substance was on the floor for such a length of time that the defendant should have known about it. *Oliveri v. Massachusetts Bay Transportation Authority*, 363 Mass. 165, 292 N.E.2d 863, 864–65 (Mass.1973).

■■■ Plaintiff offered no evidence that her injury resulted from a recurring condition on the premises and generated no factual issue concerning defendant's actual or constructive knowledge of the presence of the green pepper on the floor. Relying on a line of authority that some jurisdictions have developed for self-service establishments, plaintiff asks us to abandon any requirement for actual or constructive knowledge.

The rationale for the "mode of operation" rule is best described as follows:

In a self-service operation, an owner has for his pecuniary benefit required customers to perform the tasks previously carried out by employees. Thus, the risk of items being dangerously located on the floor, which previously was created by the employees, is now created by other customers. But it is the very same risk and the risk has been created by the owner by his choice of mode of operation. He is charged with the creation of this condition just as he would be charged with the responsibility for negligent acts of his employees.

*Ciminski v. Finn Corp., Inc.*, 13 Wash. App. 815, 819, 537 P.2d 850, 853 (1975). Thus, in the present case, plaintiff argues that "functionally" defendant placed the green pepper on the floor by electing to operate the school cafeteria without waiters. We decline to follow such authority, and we adhere to the rule that duty and liability are determined by the existence of actual or constructive knowledge, even in a self-service cafeteria.

The entry is:

Judgment affirmed.

All concurring.