Martin L. **JONES**

v.

**ROUTE 4 TRUCK & AUTO REPAIR.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 4, 1993.

Decided Dec. 15, 1993.

James E. Mitchell, Jim Mitchell and Jed Davis, Augusta, for plaintiff.

Jennifer Nichols Ferguson, Fales & Fales, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Plaintiff Martin Jones appeals from an order of the Superior Court (Kennebec County, *Kravchuk, J.*) entering judgment for the defendant and denying plaintiff's motion for a new trial. Plaintiff contends that the Superior Court erred by excluding evidence that the engine motor was of no use to him because it lacked a vehicle identification number ("VIN") and could not be resold; by granting defendant's motion for a directed verdict on the issue of negligence; and by denying plaintiff's motion for a new trial based on inconsistent verdicts. We conclude that the court erred in excluding the evidence concerning the VIN and in directing a verdict on the negligence claim. Accordingly, we vacate the judgment.

Defendant sold plaintiff a used truck engine that failed after it was installed in plaintiff's truck. Plaintiff sued defendant on theories of negligence, breach of contract, and breach of warranty. Count II of plaintiff's complaint alleged that because the motor lacked a VIN and it is a federal crime to sell a motor without a VIN, the motor is of no use to plaintiff. Before trial, the Superior Court (Kennebec County, *Chandler, J.*) granted defendant's motion in limine to exclude evidence on Count II, finding that resale was not a subject matter of the suit.

The evidence offered at trial may be summarized as follows: The parties entered into a contract calling for defendant to sell to plaintiff a used truck engine that defendant

would rebuild and install, and guarantee for one year. Plaintiff failed to pay the total amount due in advance under the contract, so defendant stopped work. Because the engine installation was incomplete, plaintiff ultimately paid $300 less than the total amount due, removed the truck, and completed the engine installation himself. Thereafter, defendant claimed it was agreed that it would not guarantee the engine.

The first time plaintiff used the truck, the engine blew. Plaintiff's expert, Rodney Sawtelle, testified that he took the engine apart after it failed and discovered that the rings on the pistons were misaligned, the bearings were scratched and worn, and the oil cooler had not been changed. The improper alignment of the rings permitted oil to pass to the top of the piston. Dirt in the oil cooler, dirty oil or a dirty oil filter caused the deep scratches and pitting on the main bearings. In turn, the scratched bearings caused the engine to blow. Sawtelle testified that had he sold the engine, he would have pulled the engine pan off and checked the bearings before completing the sale.

At the close of the evidence, the court granted defendant's motion for a directed verdict on the negligence count, finding that Sawtelle only speculated about possible causes of the engine failure, and no testimony established the causation between defendant's inaction and the engine damage. The court then gave the jury a special verdict form on the breach of contract and breach of warranty claims.[1] Using the form, the jury found that defendant breached its contract with plaintiff but reached an accord and satisfaction that canceled its contract obligation. The jury further found that defendant did not breach its express warranty to plaintiff and the parties did not reach an accord and satisfaction concerning any breach of warranty. In accord with the somewhat ambiguous directions of the verdict form, the jury then assessed damages. Based on the fact that the jury found no breach of warranty but apparently assessed damages based on that claim, plaintiff moved for a mistrial and a new trial. The court denied both motions and entered a judgment for defendant. Plaintiff now appeals.

■ Plaintiff argues that the court erred when it granted defendant's motion in limine to exclude evidence of lack of a VIN. We review the trial court's ruling solely for an abuse of discretion. *See* Field & Murray, *Maine Evidence* § 103.7 at 1–26 (1992). Here, the court excluded the lack of VIN evidence because plaintiff's complaint did not allege that he intended to sell the motor. Under modern pleading rules, however, the complaint need only provide defendant with fair notice of the claims against it. *Richards v. Soucy*, 610 A.2d 268, 270 (Me.1992). Fair notice is achieved by a generalized statement alleging facts that would entitle plaintiff to relief. *Id.* Plaintiff's complaint alleges that, because the motor lacked a VIN and it is a federal crime to sell a motor without a VIN, the motor is of no use to plaintiff. The pleadings provide fair notice of a claim that the engine purchased by plaintiff is without market value. *See* M.R.Civ.P. 8(a). Accordingly, the Superior Court abused its discre-

---

**1.** The special verdict form read as follows:

1. Did defendant breach its contract with plaintiff to sell plaintiff a "rebuilt fully installed and road ready" motor?

  X  Yes _____No

2. Did defendant breach its express warranty of the motor sold to plaintiff?

_____Yes  X  No

*If both answers to # 1 and # 2 are "no", answer no more questions. If either is "yes", proceed to # 3 and # 4.*

3. Did defendant and plaintiff reach an accord and satisfaction which canceled any obligation defendant had to plaintiff for breach of contract?

  X  Yes _____No

4. Did defendant and plaintiff reach an accord and satisfaction which canceled any obligation defendant had to plaintiff for breach of warranty?

_____Yes  X  No

*If both answers to # 3 and # 4 are "yes", answer no further questions. If either # 3 and # 4 is "no", answer # 5 and # 6.*

5. What are Martin Jones' total damages to the motor?

  $$4,700

Number of jurors concurring in verdict:   6

Number of jurors not concurring in verdict:   2

6. What are Martin Jones' lost profits?

  $0

Number of jurors concurring in verdict:   7

Number of jurors not concurring in verdict:   1

tion when it granted defendant's motion to exclude the evidence.

 Plaintiff next argues that the court erred when it directed a verdict on the negligence claim. On appeal, we consider the evidence and all justifiable inferences therefrom in the light most favorable to plaintiff; the directed verdict is improper if any reasonable view of the evidence could sustain a verdict for plaintiff. *Morrill v. Morrill*, 616 A.2d 1272, 1274 (Me.1992); *Kraul v. Maine Bonding & Cas. Co.*, 600 A.2d 389, 390 (Me. 1991), *cert. denied* — U.S. ——, 112 S.Ct. 2311, 119 L.Ed.2d 232 (1992). In this case, Sawtelle testified that some type of foreign debris gouged the bearings, causing the engine to blow. He also testified that had he sold the engine, he would have pulled the engine pan off and checked the bearings before completing the sale. This evidence reasonably could support a finding of causation between defendant's inaction and plaintiff's damages. A directed verdict was improper on the negligence claim.

Plaintiff finally argues that because the jury returned inconsistent answers on the verdict form, he is entitled to a new trial. The jury found no breach of warranty and yet apparently assessed damages on that claim in the amount of $4700. In this case, the Superior Court reconciled the apparently inconsistent answers by recognizing a flaw in the verdict form that required the jury to answer whether the parties reached an accord and satisfaction despite finding no breach of warranty. Having found no breach of warranty, the jury logically answered that no accord and satisfaction was reached on that claim. Given that negative answer, the form required the jury to assess damages. The Superior Court correctly found that because of the vagaries of the verdict form, the answers were not inconsistent.[2]

The entry is:

Judgment vacated with respect to the claim based on the absence of a vehicle identification number and the claim based on

negligence. In all other respects, the judgment is affirmed. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** Because we find the answers are consistent, we have no occasion to decide whether plaintiff would be entitled to a directed verdict, a new trial, or resubmission to the jury based on inconsistent answers on a special verdict form that contains no general verdicts. *Compare* M.R.Civ.P. 49(a) with M.R.Civ.P. 49(b).