## Gerald OTTINGER, et al.

### v.

## SHAW'S SUPERMARKETS, INC.

Supreme Judicial Court of Maine.

Submitted on briefs Nov. 5, 1993.

Decided Dec. 23, 1993.

Inc., on the Ottingers' negligence claim. Finding no error, we affirm the judgment.

Viewed in the light most favorable to the plaintiffs, the facts before the Superior Court may be summarized as follows. Gerald Ottinger, a truck driver from Augusta, Michigan, was making a delivery at the Shaw's warehouse in Wells as the facility opened on the morning of November 1, 1988. Gerald slipped on a piece of banana that was present on the loading dock, and suffered back injuries as a result. The parties agreed that Gerald was a business invitee.

Fresh fruit was not among the items processed by the warehouse and the record neither demonstrates how the banana came to be on the loading dock, nor indicates that any Shaw's employee was aware of the banana's presence prior to the accident. One employee noted after the accident that the banana was medium brown in color.

The Ottingers filed suit in the Superior Court, alleging that Gerald suffered direct injuries as a result of the defendant's negligence and that his wife, Debra, suffered loss of consortium. The Ottingers' appeal followed the entry of a summary judgment in favor of Shaw's.

■ We review decisions granting a summary judgment for errors of law, viewing the facts in the light most favorable to the non-prevailing party. *Chasse v. Mazerolle,* 622 A.2d 1180, 1182 (Me.1993). When a business invitee is injured as the result of a foreign substance on the floor of the premises, the invitee must prove the owner's negligence by establishing one of three things:

(1) that the defendant caused the substance to be there, or (2) that the defendant had actual knowledge of the existence of the foreign substance, or (3) that the foreign substance was on the floor for such a length of time that the defendant should have known about it.

*Milliken v. City of Lewiston,* 580 A.2d 151, 152 (Me.1990). We affirmed the summary judgment entered for the defendant in *Milliken* because the plaintiff, a student injured when she slipped on a piece of food on the floor of a school cafeteria, "offered no evidence that her injury resulted from a recur-

Gerald L. Ottinger, pro se.

Peter B. LaFond, Jensen, Baird, Gardner & Henry, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Plaintiffs Gerald and Debra Ottinger appeal from a summary judgment entered in the Superior Court (York County, *Cole, J.*) for the defendant, Shaw's Supermarkets,

ring condition and generated no factual issue concerning defendant's actual or constructive knowledge of the presence [of the substance] on the floor." *Id.* In the instant case, the trial court properly concluded that our holding in *Milliken* forecloses the possibility of the Ottingers' recovery.

■ The Ottingers do not controvert Shaw's assertion that it lacked actual knowledge of the presence of the banana on the loading dock. They do contend, however, that they have generated an issue that the cause of the hazard is Shaw's legal responsibility.

Gerald began to unload his cargo at or shortly after the warehouse's 7:00 a.m. opening time. Relying on an assertion in Gerald's affidavit that "no one other than Shaw's employees could have been at or near the [loading dock] up to 7:00 a.m. of the accident day," the Ottingers argue that a Shaw's employee is the only possible cause of the hazard and therefore Shaw's is liable to them. We disagree. Ottinger lacked personal knowledge as to who had access to this area prior to the warehouse's opening, and nothing else in the record suggests that only Shaw's employees could have been the source of the hazard. Moreover, the record reflects that warehouse employees were routinely instructed not to consume food in the working areas of the facility. Thus, even if the Ottingers could establish that the banana was dropped on the loading dock by a Shaw's employee, that employee would have been acting outside the scope of employment. In such circumstances, we have been reluctant to impose direct liability on the employer. *See Trusiani v. Cumberland & York Distrib.*, 538 A.2d 258, 262–63 (Me.1988) (employer not liable for injuries caused by intoxicated employee driving home after company party). Had the matter progressed to trial based on the present record, Shaw's would have been entitled to a judgment as a matter of law on this issue. Therefore, a summary judgment in favor of Shaw's was appropriate. *See H.E.P. Development Group v. Nelson*, 606 A.2d 774, 775 (Me.1992).

■ Ottinger also contends that the brown color of the banana on which he slipped creates a genuine issue of fact as to whether Shaw's should have known of the banana's presence on its loading dock within the meaning of *Milliken*, 580 A.2d at 152. The only evidence as to the length of time the banana had been present is the testimony of a warehouse employee who observed the banana's "medium brown" color shortly after the accident. The Superior Court correctly concluded that the color of the banana does not sustain an inference that it had been present on the loading dock for any length of time, let alone sufficiently long to impute constructive knowledge of the hazard to Shaw's. *See Bates v. Winn–Dixie Supermarkets, Inc.*, 182 So.2d 309, 311 (Fla.1966) (color of banana showing ripeness insufficient to support inference that banana on floor for any length of time).

Because the Ottingers failed to meet their burden as articulated in *Milliken*, the Superior Court did not err in granting a summary judgment to Shaw's.

The entry is:

Judgment affirmed.

All concurring.