**Shirley DUMONT**

v.

**SHAW'S SUPERMARKETS, INC.**

Supreme Judicial Court of Maine.

Argued June 8, 1995.

Decided Sept. 12, 1995.

Steven D. Silin (orally), Paul F. Macri, Berman & Simmons, P.A., Lewiston, for plaintiff.

Elizabeth G. Knox (orally), Mark V. Franco, Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

GLASSMAN, Justice.

Shirley Dumont appeals from the judgment entered in the Superior Court (Cumberland County, Saufley, J.) on a jury verdict in favor of Shaw's Supermarkets, Inc. on Dumont's complaint against Shaw's seeking damages for her injuries allegedly caused by Shaw's negligence. Dumont contends that the trial court erred by refusing to instruct the jury on the "mode of operation" rule and the reasonable foreseeability of a recurring condition. Because we agree with Dumont that the court erred in refusing to instruct the jury as to the reasonable foreseeability of a recurring condition, we vacate the judgment.

By her complaint, *inter alia*, Dumont seeks damages for injuries sustained by her because of Shaw's alleged breach of its duty of reasonable care by failing to place mats around the bulk candy display. The record reveals that the following evidence was submitted to the jury. While shopping at Shaw's, Dumont slipped on a chocolate-covered peanut and fell, suffering certain injuries. The chocolate-covered peanuts were sold in bulk with other unpackaged, unwrapped candy and were displayed in bins adjacent to the produce section. Shaw's was aware that self-serve, small, loose, and slippery items create an increased hazard to customers of slipping and falling. Accordingly, to mitigate the risk, it was Shaw's practice to place mats next to the displayed grapes, cherries, the ice machine, salad bar, bouquet rack, and any place that contains ice. There were no mats, however, on the floor of the area next to the candy bins. In deciding where to place mats, Shaw's weighs the probability of an accident occurring, considers the nature of the product, its slipperiness, the number of customers passing through the area, and its past experience with like items. No evidence was presented that Shaw's was aware of candy being on the floor prior to the present accident.

Dumont requested that the jury be instructed on the "mode of operation" rule. She also requested that the trial court instruct the jury concerning the reasonable foreseeability of a recurring condition. In reliance on *Milliken v. City of Lewiston,* 580 A.2d 151 (Me.1990), the trial court refused Dumont's requests. The court instructed the jury that Dumont could recover only if she demonstrated that Shaw's caused the candy to be on the floor, that Shaw's had actual knowledge of the existence of the candy on the floor, or that the candy was on the floor for such a length of time that Shaw's should have known it was on the floor. The jury returned a verdict in favor of Shaw's. From the judgment entered accordingly, Dumont appeals.

Dumont contends that the trial court erred by refusing to instruct the jury as she requested. She argues that the present case can be distinguished from *Milliken.*

 A party is entitled to a jury instruction if it (1) is a correct statement of the law, (2) is supported by the facts, (3) is not misleading, and (4) has not already been covered by the charge. *Aucella v. Town of Winslow,* 628 A.2d 120, 123 (Me.1993). We review the instructions, in their entirety, for legal error. *State v. Reynolds,* 604 A.2d 911, 912 (Me. 1992). "An error in a jury instruction or in a refusal to give a requested instruction is reversible error only if it results in prejudice." *Murray v. Eastern Maine Medical*

*Ctr.*, 447 A.2d 465, 466 (Me.1982) (cited in *Davis v. Severance*, 657 A.2d 1153, 1154 (Me. 1995)).

■ In *Milliken v. City of Lewiston*, 580 A.2d 151 (Me.1990), the plaintiff appealed from the granting of a motion for a summary judgment in the defendant's favor. The only facts developed in connection with the defendant's motion were that the plaintiff slipped on a piece of green pepper while walking by a self-serve salad bar in the school cafeteria. Although two janitors and two cafeteria monitors were present in the cafeteria, no one, including the plaintiff, saw the green pepper on the floor before the accident. Relying on the "mode of operation" rule, the plaintiff argued on appeal that by electing to operate the school cafeteria without waiters the defendant "functionally" placed the green pepper on the floor. *Id.* at 152.

We rejected the plaintiff's argument and declined to follow the rationale of the rule which we summarized as follows:

> In a self-service operation, an owner has for his pecuniary benefit required customers to perform the tasks previously carried out by employees. Thus, the risk of items being dangerously located on the floor, which previously was created by the employees, is now created by other customers. But it is the very same risk and the risk has been created by the owner by his choice of mode of operation. He is charged with the creation of this condition just as he would be charged with the responsibility for negligent acts of his employees.

*Id.* (quoting *Ciminski v. Finn Corp., Inc.*, 13 Wash.App. 815, 819, 537 P.2d 850, 853 (1975)).

We concluded that because the plaintiff failed to *offer any evidence* "that her injury resulted from a recurring condition on the premises and generated no factual issue concerning defendant's actual or constructive knowledge of the presence of the green pepper on the floor," the following general principle was applicable:

> When a foreign substance on the floor causes a member of the public to sustain injuries, the injured party ordinarily bears the burden of proving the defendant's negligence by establishing (1) that the defendant caused the substance to be there, or (2) that the defendant had actual knowledge of the existence of the foreign substance, or (3) that the foreign substance was on the floor for such a length of time that the defendant should have known about it.

*Id.* at 152. Accordingly, we affirmed the judgment.

In *Ottinger v. Shaw's Supermarkets, Inc.*, 635 A.2d 948 (Me.1993), we relied on *Milliken* in affirming the entry of a summary judgment in favor of Shaw's on the plaintiff truck driver's action arising out of injuries he sustained when he slipped on a "medium brown" banana on the loading dock of a warehouse. As in *Milliken*, there was no evidence that the proprietor had any knowledge that there had been a foreign object on the floor and there was no issue of a recurring condition on the premises.

■ In the present case, unlike *Milliken* and *Ottinger*, the plaintiff presented evidence from which the jury could have found that there existed a foreseeable risk of a recurrent condition and that Shaw's did not exercise reasonable care in failing to place mats next to the bulk candy display. Shaw's was aware that items with similar characteristics to the chocolate-covered peanuts created an increased hazard to customers and had placed mats on the floor to mitigate the risk.

■ A plaintiff does not have to prove that the store owner had actual notice of the specific condition giving rise to the injury if the plaintiff can establish that the store owner was aware of the risk of a recurrence of a hazardous condition of the premises. In those circumstances, a store owner may be chargeable with constructive notice of the existence of the specific condition at issue. *See Hetzel v. Jewel Co.*, 457 F.2d 527, 530 (7th Cir.1972) (store has constructive notice of existence of dangerous condition where specific condition at issue, though transitory, is part of known and continuing or recurrent condition); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296–97 (Tex.1983) (plaintiff may recover absent showing of store's knowl-

edge of specific object on the floor causing plaintiff's injury if store knew of high risk associated with grape display); *Nance v. Winn Dixie Stores, Inc.*, 436 So.2d 1075 (Fla. Dist.Ct.App.1983) (an ongoing problem may constitute a foreseeable danger of which the store has constructive notice).

■ The principle of foreseeability of a recurrent risk is distinct from the "mode of operation" rule. Pursuant to the "mode of operation" rule, the conduct of customers is imputed to the store owner by reason of the store owner's choice of customer self-service as a mode of operation. *Milliken*, 580 A.2d at 152. In contrast, a store owner who is aware of the existence of a recurrent condition that poses a potential danger to invitees may not ignore that knowledge and fail reasonably to respond to the foreseeable danger of the likelihood of a recurrence of the condition.[1]

Accordingly, we conclude that the trial court did not err in refusing to instruct the jury on the "mode of operation" rule. On the evidence in this case the trial court erred, however, in failing to give an instruction concerning the foreseeable risk of a recurring condition.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. This principle neither imposes strict liability on the defendant for injuries sustained on its premises nor makes the defendant the absolute insurer of its customers. If the owner of the premises has taken precautions reasonably necessary to protect its customers, then the owner is not liable to customers injured on the premises. *See Milliken*, 580 A.2d at 152 (owner of premises owes those lawfully on the premises "the positive duty of exercising reasonable care in providing reasonably safe premises") (quoting *Poulin v. Colby College*, 402 A.2d 846, 848 (Me.1979)) (emphasis added); *Buttrey Food Stores Division v. Coulson*, 620 P.2d 549, 553 (Wyo.1980).