Edwin KAY et al.

v.

**HANOVER INSURANCE COMPANY et al.**

Supreme Judicial Court of Maine.

Argued May 7, 1996.

Decided June 14, 1996.

Michael J. Welch (orally), Hardy Wolf & Downing, P.A., Lewiston, for Plaintiffs.

Gerard O. Fournier (orally), Isaacson, Raymond & Bonneau, P.A., Lewiston, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Hanover Insurance Company appeals from the judgment entered in the Superior Court (Androscoggin County, *Calkins, J.*) on a jury verdict awarding damages to Edwin Kay and Arvilla Kay on their complaint against, *inter alia,* Hanover for injuries suffered as a result of an automobile accident involving Edwin. Hanover contends that the trial court's admission of certain medical testimony proffered by the Kays is reversible error and that the evidence submitted to the jury is insufficient to support its verdict. We affirm the judgment.

The record reveals the following undisputed facts: On December 3, 1991, while operating a truck owned by his employer, Edwin was involved in a collision with a vehicle operated by Eric Prescott, causing Edwin's right foot to become lodged under the brake pedal of the truck. At the time of the accident Edwin was 65 years of age and an insulin-dependent diabetic suffering from neuropathy and ischemia.[1] Although Edwin neither experienced nor reported any pain immediately after the accident, several days later he began experiencing discomfort "mostly on the bottom" of his right foot. On December 12, 1991, during a routine, pre-scheduled appointment with his podiatrist, Maurice Gardner, Edwin complained of pain in his right ankle. Gardner observed no cuts, abrasions or swelling of the ankle or right foot, and an x-ray revealed no dislocation or fracture. An x-ray would not reveal a soft tissue injury. Throughout the remainder of December, Edwin continued to work as a part-time courier and an occasional assistant at his son's car wash business. On approximately January 1, 1992, Edwin noticed a break in the skin on the bottom of his right foot and experienced a continuing temperature elevation and "flu-like" symptoms, which he reported to Gardner on January 7. Gardner's examination on that date revealed "a cut and very shallow sore" at the base of the fifth metatarsal bone of Edwin's right foot and that the foot had swollen to the "size of a football." Edwin was referred to Roger Austin, an internist who had treated Edwin since 1981. Austin observed the break in the skin on the bottom of Edwin's right foot, the swelling of the foot and a great deal of redness extending over the top of the foot. It was determined Edwin was suffering from a gangrenous infection of the right foot necessitating the amputation of his right leg below the knee.

By their complaint against Eric Prescott, Hanover Insurance Company and Peerless Insurance Company, the Kays sought damages for the injuries proximately caused by the December 3 accident. With the consent of all parties, Prescott, who had insurance in the amount of $20,000, was dismissed as a party defendant. It was also agreed that if Prescott was found legally responsible for

---

1. Neuropathy and ischemia are conditions common to diabetics. Neuropathy is nerve damage which can result in a loss of feeling in the feet. Ischemia results in a decreased blood supply to the feet.

proximately causing the plaintiffs' injuries, Hanover and Peerless, up to the limits of their respective underinsured motorists coverage, would be responsible for any judgment in favor of the plaintiffs in excess of $20,000. It was further stipulated that Hanover, the insurer of the vehicle operated by Edwin, had the primary underinsured motorists policy in the amount of $500,000, and that Peerless, the insurer of the Kays' vehicle, would provide underinsured motorists coverage only for damages in excess of the Hanover policy. Following the jury verdict awarding damages to the plaintiffs in the amount of $175,000, a judgment was entered in favor of the plaintiffs against Hanover in the amount of $155,000, plus interest and costs, and in favor of Peerless. Hanover appeals.

■ The primary issue in this case focused on whether the trauma sustained from the December 3 vehicular collision caused the gangrenous infection that necessitated the amputation of Edwin's right lower leg. Hanover does not challenge the qualifications of the Kays' medical expert, David R. Campbell, a vascular surgeon with a clinical practice that includes a high percentage of diabetics. Rather, Hanover contends that, over its objection, it was reversible error for the trial court to admit Campbell's testimony because it lacks a sufficient factual basis, as required by M.R.Evid. 705(b), and his opinion is too speculative to satisfy the requirements of M.R.Evid. 702.[2] We disagree.

■ We review the trial court's evidentiary rulings for clear error and an abuse of discretion. *Hatch v. Maine Tank Co.*, 666 A.2d 90, 95 (Me.1995) (citation omitted). Pursuant to M.R.Evid. 705(b), an adverse party may object to the testimony of an expert on the ground the expert does not have a sufficient basis for expressing an opinion. If, on a *voir dire* examination without the presence of the jury, a *prima facie* case is made that the expert lacks sufficient basis for an opinion, it is inadmissible unless the

party offering the opinion establishes underlying facts and data. Here, because the testimony of Campbell was proffered through his videotaped deposition, we review that deposition, as did the trial court, to determine if Campbell had a sufficient basis for his opinion as to the cause of the amputation of Edwin's lower leg. The testimony of Campbell discloses that he based his opinion on his review of facts and data obtained from (1) the deposition testimony of Gardner, which sets forth the precise sequence of events leading to the amputation, and the then available medical records of Edwin; (2) his physical examination of Edwin in October 1993, including an examination of the left foot, that revealed Edwin suffers from diabetes, neuropathy and ischemia; (3) and the history he secured from Edwin that included a description of the December 3 collision, causing his right foot to become lodged under the brake pedal of the truck, and of the health problems he experienced after that date. Based on this record, we conclude the trial court properly determined that Campbell had a sufficient basis for expressing his opinion that, as a result of the December 3 collision, Edwin suffered a soft tissue injury to his right foot that subsequently manifested itself in the symptoms noted by Gardner and Austin on January 7 that necessitated the amputation of Edwin's right lower leg.

We find no merit in the contention of Hanover that, because Campbell could not place a numerical statistic on the causal relationship between the December 3 incident and the gangrenous condition necessitating the amputation of Edwin's right lower leg, his opinion is speculative and without the purview of M.R.Evid. 702, that provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience,

---

**2.** Campbell was not personally present at the trial. His previously videotaped deposition was admitted in evidence. By its motion *in limine*, Hanover sought the exclusion of Campbell's testimony on the grounds that it is too speculative to meet the requirements of M.R.Evid. 702 and,

alternatively, that it is unfairly prejudicial. M.R.Evid. 403. After a hearing, and based on the court's review of the transcript of Campbell's deposition, the court denied Hanover's motion. At the trial, Hanover did not renew its objection on the latter ground, nor does it do so on appeal.

training, or education, may testify thereto in the form of an opinion or otherwise. We have previously stated that "[i]t is well-established that an expert need not be able to state his opinion with any special degree of certainty. The degree of certainty goes to the weight and not the admissibility of the evidence." *State v. Roman,* 622 A.2d 96, 100 (Me.1993) (quoting *State v. Hebert,* 480 A.2d 742, 749 (Me.1984)). *See also* P. Murray, *Maine Evidence* § 702.1 at 7–9 (3d ed. 1994) ("expert must be able to provide some insight beyond the kind of judgment an ordinarily intelligent juror can exert"). Accordingly, we find no error or abuse of discretion in the trial court's admission in evidence of Campbell's opinion.

Contrary to Hanover's final contention, our review of the record discloses that the evidence is sufficient to support the jury's verdict.

The entry is:

Judgment affirmed.

All concurring.