Melissa **CURRIER** et al.

v.

**TOYS 'R' US, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 22, 1996.
Decided July 29, 1996.

454

Wayne R. Foote, Foote & Temple, Bangor, for Plaintiffs.

Stephen J. Burlock, Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Melissa and Guy Currier appeal from the judgment entered in the Superior Court (Penobscot County, *Marden, J.*) in favor of Toys 'R' Us, Inc. after the court granted Toys 'R' Us a judgment as a matter of law pursuant to M.R.Civ.P. 50(a)[1] at the close of the Curriers' evidence in a jury trial on the Curriers' claim for negligence. The Curriers argue that the evidence presented was sufficient to establish that Toys 'R' Us personnel should have known that rainwater tracked in by customers created a hazard on the store's ceramic tile floors and that a jury viewing the evidence most favorably to them could find the store did not exercise reasonable care to provide a reasonably safe premise. We agree and vacate the judgment.

The testimony offered at the trial may be summarized as follows. On a rainy August afternoon in 1992 Melissa Currier entered the Toys 'R' Us/Kids 'R' Us store on the Bangor Mall Boulevard in Bangor and went to the service desk to retrieve a lay away purchase. Realizing she needed more money than she had with her, she returned to her car in the store parking lot to get additional money from her waiting husband and then went back into the store, entering through the same door she used for her first entry. The store had installed "walkoff mats" just inside the doors to catch water and dirt from customers' shoes. Beyond the mats the floor was ceramic tile. Currier took a few steps on the tile floor beyond the mats, slipped, and fell.

Currier got up immediately and saw on the floor a path four feet long and a couple of feet wide of "watery mud" footprints where customers entered the store. The water was not a puddle but a film on the surface of the ceramic tile floor.

The front wall of the Toys 'R' Us store is glass from waist height to ceiling, and weather conditions are readily visible to those inside the store. The store manager knew that customers tracked water into the store in rainy weather. She knew the tile floor was slippery when it was wet. Established store procedure was to mop up water from the tiles and to set up a sign warning that the floor was wet. The floor was mopped at 10 a.m. but was not mopped again thereafter. Currier fell at 2 p.m. No warning sign was set up.

Currier and her husband filed suit in the District Court (Bangor) claiming Toys 'R' Us acted negligently in failing to remove rainwater from the floor and in failing to warn

---

1. M.R.Civ.P. 50(a) provides:

 In an action tried to a jury, a motion for judgment as a matter of law on any claim may be made at any time before submission of the case to the jury. The motion shall specify the claim or claims as to which judgment is sought and the issue or issues as to which it is contended that the law and the facts entitle the moving party to judgment. Before considering the motion, the court shall ascertain that the party opposing the motion has been fully heard with respect to the issue or issues raised. The court may grant the motion as to any claim if the court determines that, viewing the evidence and all reasonable inferences therefrom most favorably to the party opposing the motion, a jury could not reasonably find for that party on an issue that under the substantive law is an essential element of the claim.

patrons that the floor was slippery. The Curriers sought damages for injury to Melissa and for her husband's resulting loss of consortium. Toys 'R' Us removed the action to the Superior Court pursuant to M.R.Civ.P. 76C. On the second day of the jury trial, at the conclusion of the Curriers' case, Toys 'R' Us moved pursuant to M.R.Civ.P. 50(a) for a judgment as a matter of law. The court granted the motion and entered a judgment in favor of Toys 'R' Us. The court denied the Curriers' motion to vacate the judgment and grant a new trial.

 The single issue before us is whether the court erred in granting the defendant's motion for a judgment as a matter of law pursuant to M.R.Civ.P. 50(a). In reviewing the trial court's disposition of a motion for a judgment as a matter of law, we consider the evidence and all justifiable inferences to be drawn therefrom in the light most favorable to the party opposing the motion. *Jones v. Route 4 Truck & Auto Repair*, 634 A.2d 1306, 1309 (Me.1993). The granting of a motion for a judgment as a matter of law is improper if *any* reasonable view of the evidence could sustain a verdict for the opposing party pursuant to the substantive law that is an essential element of the claim. *Id.*

 To recover on a claim for negligence in a "slip and fall" case, the plaintiff must establish that the defendant breached its "positive duty of exercising reasonable care in providing reasonably safe premises" and that the breach caused harm to the plaintiff. *Milliken v. City of Lewiston*, 580 A.2d 151, 152 (Me.1990). A duty of reasonable care is conferred upon a defendant store when it knows or should have known of a risk to customers on its premises. *Lander v. Sears, Roebuck & Co.*, 141 Me. 422, 428, 44 A.2d 886, 888 (1945). It is the plaintiff's burden to show the defendant had such notice of a risk. *Milliken v. City of Lewiston*, 580 A.2d at 152.

 The Curriers sought to establish, following *Milliken*, that store employees had constructive notice of a hazard. In our recent decision in *Dumont v. Shaw's Supermarkets, Inc.*, 664 A.2d 846 (Me.1995), we held that in certain circumstances a store owner who is aware of a risk of a recurring hazardous condition on the premises may be chargeable with constructive notice of the existence of the specific recurrence at issue, though the hazardous condition when it occurs may be transitory. We held in *Dumont* that the trial court erred in failing to give an instruction concerning the foreseeable risk of a recurring hazard where the plaintiff offered evidence to establish that the store lacked safety mats on the floor beside open bins of chocolate-covered peanuts, which are similar to the grapes and cherries for which the store did provide safety mats.

The evidence here, viewed in a light most favorable to the Curriers, establishes that Toys 'R' Us knew its tile floor was slippery when wet. Employees knew customers tracked in water on rainy days. Toys 'R' Us employees could see through the glass front wall of the store that it had been rainy all day.

 Viewing the evidence and all reasonable inferences therefrom *in the light most favorable to the Curriers*, a jury reasonably could find that Toys 'R' Us had constructive notice of a safety hazard to customers and therefore, following *Milliken*, a duty to take reasonable care to provide reasonably safe premises. A jury also reasonably could find that Toys 'R' Us breached its duty and that the breach caused harm to the Curriers, rendering Toys 'R' Us liable to the Curriers for negligence. Particularly in a close case like this one, the weight and significance of the evidence and evaluation of witness credibility are properly first considered by the jury. *See Reed v. Rule*, 376 A.2d 445, 446 (Me.1977). As we often have said, it is the better practice to avoid the possibility of a second trial by submitting the case to the jury. *See, e.g., Poirier v. Hayes*, 466 A.2d 1261, 1264 (Me.1983). If the resulting verdict is unsupported by sufficient evidence, the court retains the authority to nullify by granting a judgment as a matter of law after the verdict. M.R.Civ.P. 50(b). In the face of the evidence presented and the inferences to be drawn from it, judgment as a matter of law pursuant to M.R.Civ.P. 50(a) in favor of Toys 'R' Us was improper on the Curriers' negligence claim.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.