STATE OF MAINE                                          SUPERIOR COURT

ANDROSCOGGIN, SS.                                       Docket No. CV-00-187
                                                        EAG- AND- 12/21/2001
DEC 2 1 2001
ANDROSCOGGIN
SUPERIOR COURT


KATHERINE MCKEON,

            Plaintiff,

      v.                                      JUDGMENT


KMART CORPORATION,

            Defendant.


On July 2, 1995, Katherine McKeon was injured when she slipped on a plastic hanger at the Kmart store in Auburn, Maine. As a result of that fall she underwent three surgical procedures, but still has constant pain, and occasional loss of bladder or bowel function. In October 2000, Ms. McKeon filed a lawsuit seeking damages for her injuries. A non-jury trial on her claim was heard on December 6, 2001 and, at the end of the trial, defendant made a motion for judgment as a matter of law. That motion was taken under advisement for consideration with the plaintiff's case in chief.

There is no substantial dispute about the mechanics of Ms. McKeon's fall, or about the devastating sequelae. The issue is whether the plaintiff has established that the defendant was negligent, and that its negligence was a proximate cause of

her injuries.

## FINDINGS AND CONCLUSIONS

At trial, Ms. McKeon and her husband testified that the shoe department was rather messy, with paper and boxes strewn throughout one of the aisles. However, Ms. Mckeon did not fall as a result of that mess; she fell after stepping on a plastic hanger and losing her balance.

Richard Routhier, Kmart's former loss control manager, testified that he was responsible for limiting "risks." Although much of his work was focussed on preventing employee and customer thefts, he was also expected to reduce injuries incurred by both employees and the public. He held monthly meetings of the Safety Committee, kept records of any injuries, and performed safety inspections. During the inspections he checked on fire extinguishers, sprinklers, and the operation of exits and ext lights. In addition, Mr. Routhier did a daily "sweep" of the floor when he arrived for work. During these sweeps he checked to make sure the floors were clean and clear. Each employee assigned to a specific department was responsible for making sure that his or her sector was free of hazards.

Mr. Routhier acknowledged that Kmart corporate headquarters had identified plastic hangers as a "tripping hazard" in its Safety & Shortage Control manual. However, of the forty-one reported falls at the Auburn store between December 18, 1989 and November 30, 2000, only four were due to those hangers.

Gerard Lemelin, Kmart's former operations manager, was the senior person at the Auburn store when Ms. McKeon fell. He filled out the report that

documented her fall, but had no recollection of the general cleanliness of the area that day.

## DISCUSSION

By inviting the public to shop at its store, Kmart "owes a 'positive duty of exercising reasonable care in providing reasonably safe premises.'" *Budzko v. One City Ctr. Assoc.*, 2001 ME 37, ¶11, 767 A.2d 310, 314, quoting *Currier v. Toys 'R' Us, Inc.*, 680 A.2d 453, 455-456 (Me. 1996). Ms. McKeon fell because there was a plastic hanger on the floor. Because negligence cannot be presumed from the mere fact that she fell, Ms. McKeon must present specific evidence that Kmart breached its duty to her. That is, she must demonstrate, by a preponderance of the evidence, that Kmart failed to use reasonable care in making the store a safe place to shop.

In order to prevail on her claim that the fall was caused by defendant's negligence, Ms. McKeon must prove that Kmart had notice of the hanger. A business owner, like Kmart, has a duty to respond to a foreseeable danger of "foreign substances" on the floor of its premises if has notice of the foreign object. Notice will be attributed to the business owner if the owner : 1) caused the foreign object to be on the floor; 2) had actual knowledge that the foreign object was there; 3) should have known the foreign object was there because it had been there so long; or, 4) knew of a recurrent condition that posed a potential risk from these foreign objects. *Budzko v. One City Ctr. Assoc.*, 2001 ME 37, ¶12, 767 A.2d 310, 314.

The evidence presented at trial does not support any of the first three bases for notice. Neither Ms. McKeon nor her husband saw the hanger before she fell, so

3

neither of them could testify about how long it had been on the floor, or what caused it to be there. The court declines to speculate about the responsibility for placing the hanger on the floor.

Ms. McKeon has asserted that, because these types of plastic hangers are recognized by Kmart as a particular hazard, the court should find that they are a recurrent problem that posed a potential risk to patrons. However, the parties have stipulated, and the court finds, that Ms. McKeon is the only person who has reported falling in the shoe department since 1989, and one of only four people in eleven years who fell as a result of the hangers. The evidence presented at trial is simply insufficient to support a finding that the hangers represent a recurrent condition that Kmart had a duty to guard against. Because Ms. McKeon has failed to establish, by a preponderance of the evidence, that Kmart knew, or should have known, of a hazardous condition, she cannot prevail on this negligence claim.

## ORDER

For the reasons stated above, Judgment is granted to Kmart on both counts of plaintiff's complaint.

## DOCKET ENTRY

The Clerk is directed to incorporate this Order in the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: December 21, 2001

_____
Ellen A. Gorman
Superior Court Justice

4