STATE OF MAINE

KENNEBEC, ss.

CIVIL ACTION
DOCKET NO. CV-03-36

DONNA MILLS-STEVENS,

    Plaintiff

    v.

TRAVELERS INSURANCE CO.,

    Defendant

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

SEP 2 2004

This matter is before the court on defendant's motion for partial summary judgment. Plaintiff Donna Mills-Stevens was involved in an auto accident on July 9, 2000, on the China Road in Albion. It is estimated that both vehicles were traveling over 40 M.P.H. at the time. Plaintiff required shoulder surgery as a result of the accident. Timothy Grignon, who is not a party to this action, admitted to driving in a negligent manner and his insurance company settled with plaintiff for $50,000.[1] Plaintiff asserts that, along with her other injuries, as a result of impact to her abdomen during the accident she developed urinary incontinence within hours of the crash.

Plaintiff filed a complaint stating that defendant has breached its contract to insure her for underinsured motorist coverage and has failed to compensate her for losses and damages she sustained in the accident. Defendant timely filed an answer denying it had breached and pleaded ten affirmative defenses.

Defendant filed a motion for partial summary judgment and a statement of material facts asking this court to find that the opinion of plaintiff's expert witness is not

---

[1] Tort-feasor Timothy Grignon had $50,000 of liability coverage and his company paid the policy limit. Plaintiff's underinsured motorist policy has a coverage limit of $300,000 and the parties have stipulated that total potential coverage, after the offset, is $250,000.

based upon facts in evidence.[2] Plaintiff timely filed opposition to defendant's motion along with an opposing statement of material facts in compliance with M.R. Civ. P. 56(h)(2).[3]

Summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark,* 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists.

The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College,* 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka,* 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action. *See Fleming v. Gardner,* 658 A.2d 1074, 1076 (Me. 1995).

Summary judgment is appropriate only when the facts before a court so conclusively preclude recovery by one party that judgment in favor of the other is the only possible result. *Green v. Cessna Aircraft Co., et al.,* 673 A.2d 216 (Me. 1996).

---

[2] Defendant again filed a motion for partial summary judgment apparently identical to the one filed on November 24, 2003, but with the required twenty-one day notice, *see* M.R. Civ. P. 7(b)(1)(A), appended.

[3] Both defendant's statement of material facts and reply statement of material facts contain long essays full of argument and in the case of the statement of material facts accompanying the motion for partial summary judgment, long excerpts from Dr. George's deposition. M.R. Civ. P. 56(h)(1) directs counsel to support the motion with a "separate, short and concise statement of material facts" and then to cite to the record.

This motion for partial summary judgment is essentially an attack via a motion for partial summary judgment on the expert testimony of Dr. William George, an OB/GNY who will testify for the plaintiff and was deposed in September of 2003. Defendant is attacking the proposition that plaintiff's urinary incontinence is linked to the accident and especially that Dr. George's testimony is competent and supports this proposition.

Defendant begins by distinguishing "stress" incontinence from "urge" incontinence[4] and suggests that the stress incontinence was a result of a hysterectomy performed eighteen days after the accident. Defendant then asserts that there is a factual dispute about whether plaintiff had urge incontinence after the accident but before the surgery. Defendant then goes on to argue that Dr. George's medical opinion that plaintiff's incontinence is related to effects of the crash is not based on science and is only supported by a timing theory (i.e. the incontinence began after the crash so the crash was the cause). Defendant avers that Dr. George cannot identify the injury to plaintiff and does not know how it caused the incontinence.

Stating that causation opinion must be based on more than timing, defendant cites two Superior court cases dealing with expert testimony that fibromyalgia[5] allegedly resulted from trauma. *Scholfield v. Laboscom, Inc.*, CV-00-197 (Me. Super. Ct., York County, June 6, 2002) (Fritzsche, J.); *Trask v. Automobile Inc. Co.*, CV-94-379 (Me. Super Ct., Penobscot Cty., April 4, 1997) (Mead, J.). In both cases defendants brought motions in limine questioning the science upon which the expert testified that the

---

[4] "Stress incontinence - involuntary leakage of urine from the bladder accompanying intense muscular activity (as in laughing, coughing, sneezing, or physical exercise)." Merriam-WEBSTER'S MEDICAL DESK DICTIONARY, 2002 Merriam-Webster, Inc.
"Urge incontinence - involuntary leakage of urine from the bladder when a need to urinate is felt." *Id.*
[5] "Fibromyalgia - any of a group of nonarticular rheumatic disorders characterized by pain, tenderness, and stiffness of muscles and associated connective tissue structures." *Id.*

fibromyalgia was a result of the trauma. Both courts considered the admissibility of the expert testimony proffered under the analysis offered by *Daubert v. Merrill Dow Pharmaceuticals, Inc..*, 509 U.S. 579 (1993). Even though *Daubert* was decided on grounds that are not binding in Maine courts (F.R. Evid. 702 & 703), these two court decisions (also not themselves binding on this court) found the expert testimony on fibromyalgia without basis in science and granted the motions to exclude the expert testimony.

Plaintiff maintains that she rightly relies on Dr. George's testimony to establish her prima facie case that her incontinence was caused by the accident. Citing Dr. George's testimony on deposition that "I think it is more probable than not that the motor vehicle accident was the triggering event for her urge incontinence," plaintiff quotes the Law Court for the proposition that judgment as a matter of law is improper if "any reasonable view of the evidence could sustain a verdict for the opposing party." *Kaechele v. Kenyon Oil co., Inc.*, 2000 ME 39, ¶ 17, 747 A.2d 167, 173 (quoting *Currier v. Toys 'R' Us, Inc.*, 680 A.2d 453, 455 (Me. 1996)).

Plaintiff disputes defendant's characterization of Dr. George's testimony as resting solely on a 'timing" theory. Dr. George testified that blunt force trauma to the abdomen was more likely than less likely to have a connection to later development of urinary incontinence. Plaintiff argues that whatever questions defendant has raised about the grounding of Dr. George's testimony should properly go its weight rather than to its admissibility or the standard for summary judgment. Plaintiff cites a Law Court decision from 1979 for the proposition that an expert may testify to "what might" or "what could have" caused an injury as well as to "what did." *State v. Woodbury*, 403 A.2d 1166, 1171 (Me. 1979). The weight to be given Dr. George's testimony, according to plaintiff, is a matter of fact for the jury, not a matter of law suitable for resolution through summary judgment.

First of all, the court declines to comment on defendant's use of *Scholfield* and *Trask*. In addition to being Superior Court cases, this court takes judicial notice from previous cases involving fibromyalgia that there have been specific medical studies and proceedings which refute any findings that fibromyalgia can result from trauma.

It appears undisputed that the medical community recognizes that trauma to a bladder may cause incontinence. It also appears undisputed that it is one of a number of conditions that is medically accepted to cause incontinence. As far as that goes, the inability of the plaintiff's expert to conclude which of the accepted causes is responsible for plaintiff's incontinence in this case goes to the weight of the opinion to be given by the jury.

Utilizing the standard required in a summary judgment motion, the court examines all of the evidence in a light most favorable to the plaintiff to determine whether the record supports the conclusion that there is a genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law on the evidence of causation with regard to plaintiff's incontinence. "In addition to M.R. Civ. P. 702, which requires that expert testimony be specialized knowledge that will assist the trier of fact in understanding the evidence, an expert's opinion must also be 'sufficiently tied to the facts of the case that it will aid the [factfinder] in resolving a factual dispute.'" *Green v. Cessna Aircraft Co.*, 673 A.2d at 218. In *Bouchard v. American Orthodontics*, 661 A.2d 1143 (Me. 1995), the Law Court quoted *United States v. Downing*, 753 F.2d 1224 (3rd Cir. 1985) for the proposition that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. 'This proposition applies equally to expert opinion testimony, which must 'result[] from the application of scientific principles and physical laws to adequate facts

which are in evidence. The expert's opinion may not be based upon surmise or conjecture.'" *Green v. Cessna Aircraft Co.*, 673 A.2d at 218, citing *Parker v. Homan*, 250 A.2d 698 (Me. 1969). "Another words, an expert theory may not form the basis of a favorable verdict if there are no facts in evidence on which to apply the theory to the case at hand." *Green v. Cessna Aircraft Co.*, 673 A.2d at 218.

It is axiomatic that evidence to be used to defeat a motion for summary judgment must be admissible evidence. If, on a voir dire examination without the presence of the jury, a prima facie case is made that the expert lacks sufficient basis for an opinion, it is inadmissible unless the party offering the opinion establishes underlying facts and data. *Kay v. Hanover Ins. Co.*, 677 A.2d 556 (Me. 1996).

This court, then, examines the evidence before it to determine, first, whether the opinion of plaintiff's expert is admissible and, if not, whether evidence exists to support plaintiff's claim of incontinence proximately caused by the motor vehicle accident. In making the analysis, the court compares *Green v. Cessna Aircraft Co.*, 673 A.2d 216 with *Kay v. Hanover Ins. Co.*, 677 A.2d 556. Dr. George renders his opinion on the basis that the plaintiff, notwithstanding her need for a hysterectomy performed two and a half weeks after this accident, experienced pain in her abdomen at the time of the accident and some 48 hours later suffered urge incontinence. He recognized that urge incontinence can be caused, among other things, by trauma to the bladder, a back injury or neurological malfunction. He agreed that there was no evidence in this case of trauma to the bladder, a back injury or neurological damage. He recognized a preexisting OB/GYN condition destined for surgical repair. All diagnostic tests after the motor vehicle accident are negative for trauma to the bladder. A seatbelt, when engaged, rests in an area of urinary as well as reproductive organs of the plaintiff. With nothing more, Dr. George opines that it is "more likely than not" that the plaintiff

received a blunt trauma to her bladder resulting in the urge incontinence for which she seeks compensation in the award of damages. Utilizing the phraseology of *Green*, "although this may be a valid hypothesis, there simply are no facts in evidence" to support the doctor's conclusion.

The entry will be:

Defendant's motion for partial summary judgment is GRANTED; plaintiff's claim that urinary incontinence was proximately caused by the negligence of Timothy Grignon on July 9, 2000, is DISMISSED.

Dated: August 13 , 2004

Donald H. Marden
Justice, Superior Court

DONNA MILLS-STEVENS  - PLAINTIFF

Attorney for: DONNA MILLS-STEVENS
J WILLIAM DRUARY JR
MARDEN DUBORD ET AL
PO BOX 708
44 ELM STREET
WATERVILLE ME 04901-0708

vs
TRAVELERS INSURANCE COMPANY - DEFENDANT

Attorney for: TRAVELERS INSURANCE COMPANY
TRACY HILL
GERMANI & RIGGLE, LLC
93 EXCHANGE ST
PORTLAND ME 04101

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2003-00036


DOCKET RECORD

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 02/24/2003

## Docket Events:

02/24/2003 FILING DOCUMENT - COMPLAINT FILED ON 02/24/2003

02/24/2003 Party(s):  DONNA MILLS-STEVENS
          ATTORNEY - RETAINED ENTERED ON 02/24/2003
          Plaintiff's Attorney: J WILLIAM DRUARY JR

02/24/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/24/2003
          MAILED TO ATTY. OF RECORD.

02/24/2003 Party(s):  TRAVELERS INSURANCE COMPANY
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 02/24/2003

02/24/2003 Party(s):  TRAVELERS INSURANCE COMPANY
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 02/12/2003
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON TRAVELERS INSURANCE COMPANY.

03/03/2003 Party(s):  TRAVELERS INSURANCE COMPANY
          RESPONSIVE PLEADING - ANSWER FILED ON 03/03/2003
          Defendant's Attorney: TRACY HILL

03/03/2003 Party(s):  TRAVELERS INSURANCE COMPANY
          ATTORNEY - RETAINED ENTERED ON 03/03/2003
          Defendant's Attorney: TRACY HILL

03/03/2003 Party(s):  TRAVELERS INSURANCE COMPANY
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/03/2003
          Defendant's Attorney: TRACY HILL
          DEFENDANT TRAVELERS' INTERROGATORIES TO PLAINTIFF AND DEFENDANT TRAVELERS' FIRST REQUEST
          FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SERVED ON J. WILLIAM DRUARY, JR., ESQ. ON
          2/28/03.

03/03/2003 ORDER - SCHEDULING ORDER ENTERED ON 03/03/2003