2005 ME 53

**Micheline DURHAM**

v.

**HTH CORPORATION et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 3, 2005.

Decided: April 12, 2005.

Ronald R. Coles, Esq., Kennebunk, for plaintiff.

John J. Wall III, Esq., Monaghan Leahy, LLP, Portland, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Micheline Durham appeals from a summary judgment entered in the Superior Court (York County, *Brennan, J.*) in favor of HTH Corporation and Hamilton Trowbridge Realty Corporation on Durham's complaint alleging premises liability. Durham contends that the court erred in concluding that she failed to generate issues of material fact regarding each element of her claim. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] The record reveals the following facts. The Hamilton Family Restaurant in Ogunquit is owned by defendant Hamilton Trowbridge Realty Corporation and operated by defendant HTH Corporation. The restaurant premises contains a set of stairs leading down to the basement of the building, where the restrooms are located. Durham was in the restaurant on the evening of February 23, 2002, and into the early morning of February 24. She had been in the restaurant many times before that evening, and had never had any problem on the stairs. Indeed, she had used the stairs once prior to her injury on the evening in question without any problem.

[¶ 3] Durham went to the stairs a second time that evening sometime after midnight to access the rest room. During that trip to the ladies room, Durham fell down the stairs and hit her head on the wall. Durham's only deposition testimony regarding the cause of her fall was: "I was walking over the stairs. I got to the top of the stairs, and my boot caught something on the top stair.... Not my boot, my heel, and that's all I remember. I don't remember anything after that." Durham noted that prior to her accident the metal strip on the top stair was dirty, that there was dirt in the grooves of the metal strip, and that it was "nasty." Durham also testified at her deposition that prior to her fall, she noticed that the lighting on the stairs was poor.[1]

[¶ 4] The metal strip in question had been replaced three years prior to Durham's accident. Nevertheless, the restaurant bartender, Rebecca Willette, testified that the metal strip was "old" and "full of gunk," and that she had never seen it cleaned. There was also some evidence that two other restaurant patrons had fallen down the stairs at some point, but no evidence of the circumstances of those other falls, or as to when they had occurred.

[¶ 5] Durham's daughter, Shannon Durham, did not witness the accident, but noticed several hours after the accident that a portion of the metal strip on the top step had been pulled up. Shannon identified the metal strip as the cause of Durham's accident to Richard Hamilton, who helped his wife, Jean Hamilton, operate the restaurant; Richard responded "maybe." Holly Brassard, another restaurant patron, also observed the strip some time after Durham's accident; she noted that the metal strip on the top step was "curled up." Neither Shannon nor Brassard knew what the metal strip looked like prior to Durham's accident.

[¶ 6] Durham commenced an action in the Superior Court against HTH Corporation and Hamilton Trowbridge Realty Corporation for premises liability as a result of her accident. The court granted the defendants' subsequent motion for a summary judgment. Durham's appeal followed.

## II. DISCUSSION

[¶ 7] In reviewing the grant of a summary judgment, we examine the evidence in the light most favorable to the nonmoving party, in this case, Durham, to determine "whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law." *Champagne v. Mid–Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844; M.R. Civ. P. 56. In doing so, we must accept as true all uncontroverted facts in the record. *Id.*

[¶ 8] As the plaintiff and party opposing the summary judgment, it is Durham's burden to establish a prima facie case for each element of her cause of action for premises liability. *See Champagne*, 1998 ME 87, ¶ 9, 711 A.2d at 845. The elements of premises liability, as with any claim for negligence, include: (1) duty, (2) breach of that duty, (3) causation, and (4) harm to the plaintiff. *Mastriano v. Blyer*, 2001 ME 134, ¶ 11, 779 A.2d 951, 954. We have concluded with regard to premises liability specifically, however, "that in 'slip and fall' negligence cases, a business owner owes a 'positive duty of exercising reasonable care in providing reasonably safe premises ... when it knows or should have known of a risk to customers on its premises.' " *Budzko v. One City Ctr. Assocs. Ltd. P'ship*, 2001 ME 37, ¶ 11, 767 A.2d 310, 314 (quoting *Currier v. Toys 'R' Us, Inc.*, 680 A.2d 453, 455–56 (Me.1996)).

[¶ 9] In this case, HTH argued, and the court concluded, that Durham had not established on a prima facie basis either that the subject property was not reasonably safe for invitees, or that the defendants knew or should have known of any unreasonably hazardous condition. We agree with the court's conclusion.[2]

---

1. There was also uncontroverted evidence that Durham had consumed some amount of alcohol prior to her accident. There was no evidence, however, that she was drunk or unable to walk or see properly.

2. We also note the lack of evidence with regard to causation. Durham testified that she

[¶ 10] The only observations of the metal strip in question prior to Durham's accident were that it was dirty. Although Shannon Durham and Holly Brassard testified that the metal strip was pulled up, or curled up, their testimony regarded the condition of the strip only *after* Durham's accident.

[¶ 11] Durham's uncontroverted testimony was also that she had never had a problem using the stairs either on prior visits to the restaurant or during her prior trip down the stairs on the evening of her accident. Further, the metal strip had been replaced just three years prior to Durham's accident, and there is no evidence that the defendants had any reason to believe the strip was not in good working order. Although the record contains some evidence regarding two other occasions in which other patrons fell down the stairs, there was nothing to indicate the circumstances of those other accidents, when those accidents occurred, or whether those accidents were in any way caused by the metal strip in question. Finally, the statement of the restaurant owner's husband after the accident that "maybe" the metal strip could have caused Durham's accident is not sufficient to establish on a prima facie basis that the property was not reasonably safe for invitees, or that the defendants had actual or constructive knowledge that the metal strip constituted an unreasonably hazardous condition on the premises. Accordingly, because Durham has failed to establish each element of her claim for premises liability, the court properly entered a summary judgment in favor of the defendants.

did not know what caused her to fall, and no other evidence in the record indicates causation. The court did not consider whether a factual dispute existed as to causation, however, because of its conclusion as to the other elements. *See Houde v. Millett*, 2001 ME 183,

The entry is:

Judgment affirmed.

¶¶ 11–12, 787 A.2d 757, 759–60 (concluding that insufficient evidence existed to generate a material fact as to causation when the plaintiff did not know what caused her to fall and when no other record evidence established causation).