STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

DEC 18 2006

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV05-570
RAC-Cum-12/18/2006

JOSEPH SOLEY,

Plaintiff RECEIVED

ORDER ON DEFENDANT'S
AND PLAINTIFF'S MOTIONS
FOR SUMMARY JUDGMENT

v.

INTERNATIONAL BUSINESS GROUP,
d/b/a DIGGERS

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

JAN 17 2007

This matter comes before the Court on Defendant International Business
Group's motion for summary judgment on all counts of the complaint, and
Plaintiff Joseph Soley's motion for summary judgment on the issue of indemnity,
pursuant to M.R. Civ. P. 56(c). For the reasons stated below, both motions are
DENIED.

## BACKGROUND

Plaintiff Joseph Soley ("Soley") owns commercial property on Fore Street
in Portland, Maine, which he leases to business tenants. One of his tenants is
Defendant International Business Group, d/b/a Diggers ("IBG"), which operates
a bar located at 446 Fore Street. Soley leased the basement, street level, and
second floors of the premises to IBG in 2001. The lease included conditions that
Soley would provide heat and air conditioning but would not alter the existing
systems, and also provided that IBG would not make "alterations or additions"

1

the property. The lease also contains an indemnification provision, in which IBG agreed to indemnify Soley for damages connected with its tenancy.

After the lease term began, IBG installed a freezer and ice machine in the building's unheated basement and also installed an exhaust fan to offset heat generated by the new machinery. Soley claims that IBG either had to put the fan in an open window or create an opening for it. On January 26, 2003, a fire prevention sprinkler system went off at IBG, and when the sprinkler company responded to the location, they discovered a frozen pipe near the opening for the fan. They noted that cold air was entering the basement and advised IBG to seal the opening to prevent more air from getting in. Soley contends that after that incident, IBG neglected to heat the basement or block air from entering it.

The company was unable to turn the sprinkler back on because a valve on the pipe had cracked, and its employees made several subsequent visits to the premises to evaluate the pipe. Soley alleges that, at some point, IBG turned the sprinkler system back on, which IBG disputes. Pipes in the basement burst on February 19, 2003, causing flooding in the business next door to Diggers, Bintliff's Restaurant, which was also a tenant of Soley's. Soley's insurer, Mt. Hawley Insurance Company, brought a subrogation action against IBG in this Court in 2004,[1] in which Soley and his corporation, Monopoly, Inc., joined as party plaintiffs. When the matter was scheduled for trial, Soley dismissed his claims against IBG.

Then, Soley brought this action against IBG, alleging negligence and breach of contract, and seeking indemnification. IBG raised a number of affirmative defenses, including failure to state a claim upon which relief can be

[1] That action was Docket No. CV04-352.

2

granted. IBG now moves for summary judgment on the basis that this lawsuit is barred by the *Sutton* rule, that it was Soley's duty to maintain the premises, and that there is no evidence of causation on IBG's part. IBG also contends it is impossible for Soley to be indemnified for his own alleged negligence. Soley filed a summary judgment motion, solely on the issue of indemnity.

## DISCUSSION

1. Summary judgment standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

2. The Negligence Claim.

A plaintiff bears the burden to establish a prima facie case for each element of a negligence cause of action, including that a duty existed and that the duty was breached, causing damages. *Durham v. HTH Corp.*, 2005 ME 53, ¶ 8,

870 A.2d 577, 579 (citations omitted). In particular, proximate causation is typically "a question of fact, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause." *Houde v. Millett*, 2001 ME 83, ¶ 11, 787 A.2d 757, 759.

Viewing the matter in the light most favorable to Soley, he has established that IBG had a duty of care to reasonably maintain the premises under the lease it signed. There is no dispute that damages occurred within the building. It is for the fact finder to determine whether IBG (or Soley) breached a duty of care and, if so, whether that breach caused the damages. The parties also disagree as to whether an infiltration of outside air combined with inadequate heating, or heat transmission loss, caused the pipe to freeze and burst. Soley has alleged a viable theory that IBG's failure to address the influx of air may have caused the pipe to freeze, which resulted in it bursting and flooding the area several weeks later. These issues are not capable of resolution on summary judgment, as there is a legitimate dispute as to whether it was Soley's or IBG's responsibility to ensure that the pipe did not freeze or burst, and as to what actually caused that result. The summary judgment motion on the negligence claim is denied.

3.     The Breach of Contract Claim.

Existence of a contract and any breach thereof are both factual questions. *Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, ¶ 9, 760 A.2d 1041, 1044. To establish a valid, enforceable contract, both parties must agree, in the contract or by implication, "to be bound by all its material terms," and the agreement must be "sufficiently definite" for a court to determine its meaning and the parties' respective responsibilities under the law. *Sullivan v. Porter*, 2004 ME 134, ¶ 13, 861 A.2d 625, 631.

4

In this case, there is no doubt that the parties had a valid lease. The lease provided that IBG was not to alter the premises. The evidence before the Court tends to show that IBG did in fact make alterations by adding equipment to the basement that affected the building's condition. Even if the freezer and ice machine were not the type of additions contemplated in the lease, the heat they generated arguably resulted in a need for improved ventilation. The fact finder must determine whether these changes violated the lease's prohibition on structural changes, and the parties dispute this material point. Given this, the summary judgment motion on this count is denied.

4. The "*Sutton* Rule" and Indemnification.

The Law Court has adopted what is known as the "*Sutton* rule." *See North River Ins. Co. v. Snyder*, 2002 ME 146, 804 A.2d 399. Addressing a certified question from the United States District Court for the District of Maine, the Law Court stated that a residential tenant could not be liable to a landlord's insurer in subrogation for property damage paid for by the insurer without language to that effect in the lease. *Id.* ¶ 1, 804 A.2d at 399. This question arose in the context of a fire, and the Court's position echoed that of an Oklahoma court in *Sutton v. Jondahl*, 532 P.2d 478 (Okla. Ct. App. 1975)[2], from which this rule arose. *Id.*

This rule has been used in both residential and commercial lease contexts, but some courts have recognized different considerations affecting the applicability of *Sutton*, given the complexity of commercial leases and the likelihood that commercial occupants of a leased building will have coverage. *Id.* ¶ 15, 804 A.2d at 403 n.7 (*citing Seaco Ins. Co. v. Barbosa*, 761 N.E.2d 946, 950 (Mass. 2002)). In those situations, commercial tenants may only escape liability if

---

[2] The Oklahoma Supreme Court has discussed the *Sutton* rule but has not definitively adopted it.

such an agreement is made in the lease. *Id.* The policy behind the rule is allocating risk to landlords in some situations, while encouraging tenants to obtain insurance, and it calls for a tenant to be treated as a "coinsured" unless the agreement calls for a contrary arrangement. *Id.*

Here, although the *Sutton* analysis applies to actions brought by insurers, IBG argues that it should also apply when a landlord like Soley is bringing the claim, because the insurer is standing in the landlord's shoes. Soley contends that the rule does not apply in this case because it is restricted to residential lease agreements, but the Law Court's analysis in *North River* disproves that contention[3]. In addition, Soley argues that the *Sutton* rule does not apply because it involves subrogation, and this is a direct action against the tenant for damage to the building, not the tenant's own rented space.

Paragraph 16 of the lease also contains a clear indemnity provision requiring IBG to indemnify Soley for negligence connected with its tenancy, other than gross negligence of Soley's. This provision explicitly includes the bursting of pipes. Despite this clear provision, IBG contends that Soley cannot be held harmless for his own negligence, which IBG claims was the proximate cause of the flooding. This, in turn, leads the Court back to the issue of who had the duty of care for maintenance and whose actions caused the damages. Thus, there is at least a genuine issue of material fact as to the availability of indemnity and the applicability of the *Sutton* rule in this case. Summary judgment, therefore, will not be granted for either party on the issue of indemnity.

---

[3] Although the Court did rely on the Massachusetts case to highlight the differences between commercial and residential leases, the Court did not explicitly limit *Sutton* to residential rentals.

The entry is:

Defendant's motion for summary judgment on all counts of Plaintiff's complaint is DENIED. Plaintiff's motion for summary judgment on the issue of indemnity is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: December 18, 2006

Roland A. Cole
Justice, Superior Court

7

F COURTS
ınd County
ʒox 287
ne 04112-0287

SIDNEY ST F THAXTER ESQ
PO BOX 7320
PORTLAND ME 04112

F COURTS
ınd County
ʒox 287
ne 04112-0287

BRUCE HEPLER ESQ
PO BOX 4726
PORTLAND ME 04112