Barrett v. Po-Go Realty Inc., CV-08-489 (Superior Ct. Cumberland)

Before the court are separate motions by defendant Ovide Richard and defendant Po-Go Realty Inc. for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case the court finds that there are disputed issues for trial as to each defendant. With respect to Richard, who is the owner of the property where plaintiff Noreen Barrett was injured, there are issues as to whether a dangerous condition existed on the premises, whether Richard was aware or reasonably should have been aware of the condition, whether the condition was sufficiently obvious so as to excuse any duty to warn that might otherwise have existed, and whether Barrett exercised reasonable care for her own safety.

As to Po-Go Realty, all of the above factual issues exist along with an issue that the court agrees is an issue of law – whether a real estate broker qualifies as a possessor of premises that the broker is showing (in the owner's absence) to a prospective buyer such as Barrett or is otherwise under a legal duty to a prospective buyer with respect to a dangerous condition on the premises. Absent expert testimony establishing that the standard of care for real estate agents requires a complete inspection of premises for any latent defects, the court is reluctant to impose such a duty. Moreover, there is a question whether Restatement § 383 applies in view of comments b and c to that section, which refer to "activity" conducted on land and expressly distinguish potential liability for dangerous conditions. See comment c.

Nevertheless, the summary judgment record does not preclude the possibility that, under the specific facts in this case, Po-Go exercised sufficient control over the premises to qualify as a possessor. That issue is not specifically addressed in Po-Go's statement of material facts. In addition, even if Po-Go did not qualify as a possessor of the premises for purposes of Restatement §343, Po-Go may still be liable if it was aware of a latent defect in the premises and failed to warn Barrett. See Masick v. McColly Realtors Inc., 858 N.E.2d 682, 691 (Ind. App. 2006). Po-Go's statement of material facts also does not directly address this issue.

It is possible that, in the context of a more complete record, the court will be in a position to determine at trial that Po-Go owed no duty to Barrett. However, where Po-Go has assumed the responsibility of showing prospective purchasers around the premises, the court is reluctant to conclude that Po-Go does not owe any duty

whatsoever to those purchasers with respect to allegedly hazardous conditions on the premises. Even if the scope of Po-Go's duty is not identical with the landowner's, therefore, summary judgment should be denied on this record.

Finally, defendants have a point that this case resembles Durham v. HTH Corp., 2005 ME 53, 870 A.2d 577, and Addy v. Jenkins, Inc., 2009 ME 46, 969 A.2d 935, in certain respects. To the extent that Barrett is premising liability on the allegedly rickety condition of the stairs or on alleged code violations that could be linked to Barrett's fall only by speculation, the court would agree that under Durham and Addy Barrett's deposition testimony would preclude a finding of causation.[1] However, there remains the question of whether the existence of an unexpected basement stairway in a mobile home and the specific appearance of the basement door as it appeared to Barrett at the time she opened the door, "got one foot in and . . . went airborne" constituted a hazard that was not sufficiently obvious that a warning was required.

The entry shall be:

The motions for summary judgment by defendants Po-Go Realty and Ovide Richard are denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July __20__. 2009

Thomas D. Warren
Justice, Superior Court

---

[1] This may also limit the issues at trial.

NORINE BARRETT VS POGO REALTY INC ET AL
UTN:AOCSsr  -2008-0094047                      CASE #:PORSC-CV-2008-00489
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
SEL VD                                 REPRESENTATION TYPE       DATE
01 0000007300 ATTORNEY:CLIFFORD, PETER
ADDR:56 PORTLAND ROAD KENNEBUNK ME 04043
    F FOR:NORINE BARRETT                     PL          RTND   08/22/2008

02 0000002728 ATTORNEY:HOY, ROBERT
ADDR:76 DEPOT ROAD PO BOX 1569 GRAY ME 04039
    F FOR:POGO REALTY INC                    DEF         RTND   08/18/2008

03 0000007194 ATTORNEY:PIERCE, KENNETH
ADDR:95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046
    F FOR:OVIDE RICHARD                      DEF         RTND   08/28/2008


        Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.