STATE OF MAINE
SOMERSET, ss.

SUPERIOR COURT
SKOWHEGAN
DOCKET NO. CV-16-026

EMILY POULIN,
    Plaintiff

v.

ORDER ON MOTION FOR
SUMMARY JUDGMENT

DEBORAH THOMAS,
    Defendant

This matter came before the undersigned on November 9, 2017 with respect to the Defendant's Motion For Summary Judgment filed 7/28/17. Plaintiff filed her Memorandum in Opposition to the Defendant's Motion For Summary Judgment on 9/6/17, and Defendant filed her Reply to Plaintiff's Memorandum Of Law in Opposition To Defendant's Motion For Summary Judgment on 9/20/17. After reviewing the file and applicable case law, and after counsel for the parties waived oral argument with respect to the motion, the undersigned enters the following **Order** based upon the reasons set forth below:

## I. Procedural and Factual History:

1. On or about 2/7/13, Plaintiff Emily Poulin (hereinafter "Plaintiff") came to the home of Defendant Deborah Thomas (hereinafter "Defendant") in Fairfield, Maine. (S.M.F. ¶ 1).

2. While at the home Plaintiff stood on a dining room chair, she says at the suggestion of the Defendant, to move a shelf that was on the kitchen wall. (S.M.F. ¶ 12). Defendant denies she made any suggestion to Plaintiff concerning the use of a chair. Affidavit of Defendant at ¶ 5-6. In any event, Plaintiff fell from the chair and alleges injuries sustained as a result of her fall. (S.M.F. ¶¶ 3-4). Plaintiff felt the chair was sturdy before she fell. (S.M.F. ¶ 7).

3. Plaintiff does not know what made her fall (S.M.F. ¶ 5); however, Plaintiff contends that Defendant knew the chair used by Plaintiff was structurally unsound and that Defendants had attempted to repair it by putting screws in it. (Complaint at ¶ 10). Plaintiff contends one of the legs of the chair that had a screw in it was dislodged from the seat of the chair, as evidenced by a photograph taken of the chair after the incident. (Affidavit of Pl. dated 9/27/17

at ¶ 19). However, Plaintiff also states that she believed the chair was sturdy and did not inspect it before standing on it. (S.M.F. ¶¶ 7-8).

4. Defendant denies putting any screws in the chair, and denies the chair was wobbly. (Def.'s Resp. to Add. S.M.F. ¶ 16; Def.'s Dep. p. 23). Defendant also disputes that certain photographs of a chair with screws in it are photographs of the same chair from which Plaintiff fell (Def.'s Resp. To Add. S.M.F. ¶¶ 29-30), while Plaintiff contends that the pictures of the chair were taken in Plaintiff's presence and were taken of a chair that the Defendant had produced in response to a request from Plaintiff to produce the chair from which Plaintiff had fallen. (Pl's Affidavit dated 9/27/17 at ¶¶ 17-19).

5. Finally, the parties disagree as to whether Defendant was even in the room when Plaintiff fell. Affidavit of Defendant at ¶ 7; Affidavit of Plaintiff at ¶ 9.

## II. Standard of Review:

6. Summary Judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements (of material fact) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact. *North East Ins. Co. v. Young*, 2011 ME 89, ¶ 17.

7. The Court will draw any reasonable inferences that a fact-finder could draw from the given facts in favor of the non-moving party. *Curtis v. Porter*, 2001 ME 158, ¶ 9. When facts or reasonable inferences are in dispute on a material point, the Court will not enter summary judgment. *Id.*

## III. Discussion:

8. The Plaintiff is alleging "negligence" on the part of the Defendant, presumably in attempting to "repair" the chair the Plaintiff was standing on when she fell, as evidenced that one of the legs of the chair dislodged while Plaintiff was standing on the chair, causing her to fall. *See* Complaint at ¶ 10, 12, and 13.

9. The Plaintiff is also alleging that Defendant owed Plaintiff "a duty of reasonable care and to guard against foreseeable dangers..." *see* Complaint at ¶ 9, and presumably that the chair repaired by Defendant presented just such a "foreseeable danger."

10. Whether a claim for premises liability or a claim for negligence is pleaded, the same elements must be proven: duty, breach, causation, and damages. *Durham v. HTH Corp.*, 2005 ME 53.

2

11.   Liability cannot be predicated on the mere happening of an accident, as an accident does not necessarily imply negligence. *Duchaine v. Fortin*, 159 Me. 313, 318 (1963).

12.   A landowner owes a duty to exercise reasonable care to provide a reasonably safe premises when she knows or should have known of the risk to others lawfully on the property. *Budzuko v. One City Cir. Assocs. Ltd. P'ship*, 2001 ME 37, ¶ 11.

13.   In this matter there is a genuine issue of material fact concerning whether there were screws inserted in the legs of the chair at some point in the past before Plaintiff stood on it, whether Defendant was aware of the situation with the chair (she had owned the chair for ten years prior to the episode), whether defendant herself repaired and/or had the chair repaired, etc. The condition of the chair is therefore disputed.[1] Thus, there is an issue concerning whether Defendant knew or should have known of the risk concerning use of the chair.

14.   Based upon the above, there is also an issue of whether the chair was actually dangerous or not, and thus an issue of causation is present.

15.   The undersigned agrees with defense counsel that a jury should not be allowed to *speculate* as to how an accident occurred. *Addy v. Jenkins*, 2009 ME 46, ¶ 14. However, the undersigned also agrees with counsel for Plaintiff that a jury is allowed to make *reasonable inferences* concerning causation to find liability, even when a Plaintiff is unable to remember or recount or explain an accident, a point that has been recognized in Maine for over 60 years. *See, Thompson v. Frankus*, 151 ME 54 (1955). *See also Rodrigue v. Rodrigue*, 1997 ME 99; *Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107.

16.   "Causation is…a question of fact, requiring proof that there is some reasonable causal connection demonstrated in the record between the act or omission of the defendant and the damage that the plaintiff has suffered." *Estate of Smith v. Salveson*, 2016 ME 100, ¶ 21. Causation need not be proved directly but may be inferred if the inference flows logically from the facts and is not unduly speculative." *Id.; Marcoux, supra*, at ¶¶ 25-26.

17.   Although in the undersigned's mind this is a close call, nevertheless the undersigned finds that a jury **could** find without impermissible speculation that the Plaintiff fell from the chair which **could** be deemed to be in a hazardous condition prior to the Plaintiff's fall, thus allowing a jury to make a reasonable finding as to how Plaintiff fell and why.

18.   Accordingly, for the reasons stated above, the Defendant's Motion for

---

[1] Defendant also denied that the photographs taken of "a chair" are pictures of the chair in question.

3

Summary Judgment must be, and is, **denied.**

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 11/13/17

BY _____

Robert E. Mullen, Deputy Chief Justice
Maine Superior Court

4