STATE OF MAINE                                  SUPERIOR COURT
OXFORD, SS.                                      CIVIL ACTION
                                                 DOCKET NO. CV-17-39


PAULA COX,

        Plaintiff

    v.                                          **ORDER ON MOTION**
                                                 **FOR SUMMARY JUDGMENT**
SUNDAY RIVER ESTATES
OWNERS' ASSOCIATION,

        Defendant


Defendant Sunday River Estate Owners' Association has moved for summary

judgment in this action brought by the plaintiff Paula Cox .

## I. FACTS

Plaintiff Cox is the co-owner of a condominium building located at 53 Sunday River

Road in Bethel.  Located next to plaintiff's building and on the same lot is a second

condominium building.  Both buildings are comprised of four units and each unit owner is

a member of the Sunday River Estates Owners' Association.

On November 16, 2011, plaintiff visited unit six of her condominium building for

the first time in a number of years.  In front of the entryway to unit six is a six-square-foot

wooden box containing gravel and stone which acts as a step from the ground to the

entryway.  The wood beams enclosing the gravel landing extend 1 and 3/4 inches above

the gravel; the distance from the top of the wood beam to the entryway is 8 and 3/8 inches.

Defendant owns the land under the landing.

Plaintiff had never seen the gravel landing prior to her visit that day, but it was "very clearly" visible when she approached unit six. Plaintiff had no difficulty ascending the gravel landing and stepping inside of unit six. Fifteen minutes later, however, plaintiff fell as she stepped outside of the entryway as she attempted to leave the unit. As a result of her fall, plaintiff suffered injuries to her left elbow, wrist, and hand. Plaintiff does not know how she fell or what caused her to fall; she only knows that she "step[ped] out the door one time—put one foot out, walked out the door, and that was it, [she] was on the ground." Plaintiff does not remember if it was the wood or gravel portion of the landing that she stepped onto.

Plaintiff has brought this action against the defendant Association, seeking to recover for her injuries. Defendant contends that there is no liability here, and has filed a motion for summary judgment.

The National Fire Protection Association Life Safety Code 101 standards set the maximum stair riser height at seven inches. Joelle Corey-Whitman, a building inspector and code enforcement officer, believes that the height from the gravel landing to the entryway was too high to safely navigate.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. CitiMortgage, Inc.,* 2012 ME 103,

2

¶ 11, 48 A.3d 774 (quotation omitted). To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *See Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179. When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821.

### III. ANALYSIS

In order to prevail on a premises liability claim for negligence, plaintiff must present evidence sufficient to allow a finding that defendant owed her a duty to exercise reasonable care, breached that duty, and that defendant's breach caused plaintiff's injuries. *See Estate of Smith v. Salveseen*, 2016 ME 100, ¶ 19, 143 A.3d 780. Defendant contends that plaintiff has failed to establish a prima facie case for the elements of breach and causation.

A.    Negligence

Defendant concedes that, as the owner of the land, it owed plaintiff, a lawful entrant upon the land, and a duty to exercise reasonable care to protect plaintiff from dangerous conditions of which it knew or reasonably should have known existed; *see also Durham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577. Defendant, however, contends that plaintiff has failed to establish evidence showing that the entryway was dangerous or that the defendant knew or should have known the entryway was dangerous. Plaintiff contends that, because the height between the gravel landing and the entryway was greater than the seven-inch standard set by the National Fire Protection Association Life Safety Code, she has met her burden to establish a prima facie claim that defendant breached its duty of care.

3

Whether a defendant has breached its duty of care is a question of fact. *Stanton v. Univ. of Maine Sys.*, 2001 ME 96, ¶ 11, 773 A.2d 1045.

In *Estate of Smith v. Salvesen*, the Law Court held that evidence that a staircase did not comply with applicable building codes was sufficient to permit a jury to find that the defendant-landowner had failed to exercise reasonable care to protect guests from dangerous conditions. 2016 ME 100, ¶ 20, 143 A.3d 780. In this case plaintiff has adduced evidence in the form of testimony from a building inspector and code enforcement officer that the gravel landing did not comply with building codes. The particular code cited by plaintiff's witness has been adopted by both the State of Maine and the Town of Bethel. 16-219 C.M.R. ch. 20, § 1 (2011); Bethel, Me., Code § 96-5 (2012); *see also Salvesen*, 2016 ME 100, ¶ 7 n.2, 143 A.3d 780 (noting that the Code of Maine Rules incorporates the Life Safety Code by reference). Accordingly, plaintiff has met her burden to establish evidence sufficient to allow a jury to find that defendant breached its duty to exercise reasonable care. *See Salvesen*, 2016 ME 100, ¶ 20, 143 A.3d 780.

B.    Causation

Defendant contends that it is entitled to summary judgment because a jury would have to resort to speculation to conclude that the alleged defect in the landing caused plaintiff to fall. Because plaintiff has presented evidence that she came into contact with the alleged defect, she contends that a jury could find causation without resort to speculation.

"Causation is . . . a question of fact, requiring proof that there is some reasonable causal connection demonstrated in the record between the act or omission of the defendant

4

and the damage that the plaintiff has suffered." *Estate of Smith v. Cumberland Cty.*, 2013 ME 13, ¶ 17, 60 A.3d 759. "Causation need not be proved directly but may be inferred if the inference flows logically from the facts and is not unduly speculative." *Salvesen*, 2016 ME 100, ¶ 21, 143 A.3d 780. "[A]n inference of causation [is] not unduly speculative when the evidence [is] sufficient for a fact-finder to determine that the plaintiff came into direct contact with an allegedly dangerous condition created by the defendant." *Id.*

In *Addy v. Jenkins, Inc.*, the Law Court held that evidence was insufficient to support a finding of causation where the plaintiff alleged that he was injured when he fell from staging constructed by the defendant which contained numerous defects. 2009 ME 46, ¶ 14, 969 A.2d 935. While the evidence was sufficient for a jury to conclude that the plaintiff fell from the staging, the plaintiff could not recall whether his fall was connected to the absence of a ladder, platform, or railing—the actual defects in the staging. *Id.* ¶ 11. Accordingly, any finding that the plaintiff's fall was caused by a defect in the staging would have to be based on speculation. *Id.* ¶ 15

In *Estate of Smith v. Salvesen*, a plaintiff and his wife had spent the night in a commercial guesthouse where, unbeknownst to them, the room they were lodged in was a two-floor suite with a private staircase to a first floor living room. *Id.* ¶¶ 3-4. At 7:00 a.m. the day after they arrived, the plaintiff was awoken by a loud crash and a scream to find his wife bleeding and lying on a landing on the staircase. *Id.* ¶ 5. The plaintiff's wife later died of her injuries. *Id.* Plaintiff's expert witness testified that a section of the staircase

5

had a variation in riser heights exceeding permissible limits set by the Life Safety Code and that the staircase railing was also in violation of the Life Safety Code. *Id.* ¶ 7.

Relying on *Addy*, the Law Court in *Salvesen* held that, because there was insufficient evidence to determine that the decedent had actually been attempting to descend the stairway at the time she fell, it would be unduly speculative to infer that the defects on the stairwell caused the decedent to fall. *Salvesen*, 2016 ME 100, ¶ 24, 143 A.3d 780. Moreover, the Law Court also indicated that even if there were evidence that the decedent had been on the stairwell at the time she fell, there was no evidence that the decedent had traversed the section of the stairwell with the defective risers or that she had used the defective handrail, thereby encountering one of the dangerous defects in the stairwell and allowing an inference of causation. *Id.* ¶¶ 23, 25 (citing *Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, ¶ 26, 881 A.2d 1138; *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 15, 694 A.2d 924; *Thompson v. Frankus*, 151 Me. 54, 58-61, 115 A.2d 718 (1955)). Accordingly, whether the decedent had come into contact with one of the stairwell's dangerous conditions would also be left to speculation. *Id.* ¶ 25.

Unlike in both *Addy* and *Salvesen*, the evidence in this case is sufficient to support a finding that the dangerous height of the step from the Unit Six entryway to the gravel landing caused plaintiff to fall. Whereas in *Addy* and *Salvesen*, there was no evidence that the plaintiffs had actually encountered the dangerous conditions constituting breaches of the defendants' respective duties of care, there is such evidence in this case. At her deposition, plaintiff testified that "all [she] did was step out the door one time—put one foot out, walked out the door, and that was it, [she] was on the ground." This testimony,

6

when viewed, as it must be, in the light most favorable to her as the non-moving party, supports a finding that she was in the process of descending from the entryway to the gravel landing—thereby encountering the dangerous condition posed by the height from the entryway to the landing—at the time she fell. Accordingly, a jury could properly infer that the dangerous condition posed by the step caused plaintiff to fall.[1] *See Salvesen*, 2016 ME 100, ¶¶ 23, 25, 143 A.3d 780.

## IV. CONCLUSION

For the foregoing reasons, the court concludes that plaintiff has adduced evidence sufficient to support each element of her prima facie claim for negligence and causation. Defendant's motion for summary judgment must therefore be denied.

The Entry is:

> Defendant's Motion for Summary Judgment is DENIED.

DATED: April 25, 2018

_____
Robert W. Clifford
Active Retired Justice

---

[1] Defendant also argues that, because plaintiff Paula Cox testified at her deposition that she does not know what caused her to fall, she may not create an issue of fact by submitting the affidavit of Joelle Corey-Whitman which asserts that the riser height was a dangerous condition and more likely than not caused plaintiff to fall. *See Zip Lube, Inc. v. Coastal Savings Bank*, 1998 ME 81, ¶ 10, 709 A.2d 733 (holding that a party may not create an issue of material fact by submitting an affidavit contradicting their prior testimony). Because the deposition and the affidavit are comprised entirely of testimony from different witnesses, there has been no change in testimony which contradicts that same witness's earlier testimony. Accordingly, the rule announced in *Zip Lube* is inapplicable and does not bar the court from considering plaintiff's expert's affidavit. *See id.*