STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-95

CHERYL QUIRRION,

Plaintiff,

**ORDER**

v.

GRACE HOSPITALITY ASSOCIATES,
INC., d/b/a QUALITY INN & SUITES
MAINE EVERGREEN HOTEL

Defendant.

Before the court is defendant Grace Hospitality Associates, Inc.'s ("Evergreen Hotel's"), motion for summary judgment. Evergreen Hotel is represented by Attorney Stephen A. Bell. Plaintiff Cheryl Quirrion is represented by Attorney John E. Baldacci Jr. Oral Argument was held on October 8, 2019. For the following reasons, the motion is denied.

## Legal Standard

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). "A plaintiff may avoid a summary judgment for the defendant as a matter of law on a given claim by establishing a prima facie case for each element of the claim for which the plaintiff will bear the burden of proof at trial." *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 902 (Me. 1996). "A judgment as a matter of law in a defendant's favor is proper when any jury verdict for the plaintiff would be based on conjecture or speculation." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842.

1

## Discussion

Quirrion has brought a premises liability claim against Evergreen Hotel seeking damages for injuries Quirrion sustained as a result of a trip and fall down a set of stairs located upon the premises of Evergreen Hotel. The following facts are undisputed. On February 5, 2016, Quirrion checked into Evergreen Hotel. (Pl.'s Add'l S.M.F. ¶ 1.) On that same date, Quirrion attempted to descend a stairway at the hotel when her heel caught the edge of one of the steps, causing her to fall. (Pl.'s Add'l S.M.F. ¶ 3; Def.'s S.M.F. ¶ 5.)

As with all negligence claims, a premises liability claim is composed of the following elements: (1) duty, (2) breach, (3) causation, and (4) harm to the plaintiff. *Durham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577. In its motion, Evergreen Hotel does not challenge the existence of a duty[1] or damages. Instead, Evergreen argues that Quirrion cannot establish a prima facie case that the hotel breached its duty and that this breach was a proximate cause of Quirrion's fall. Specifically, Evergreen points to Quirrion's statements that she does not know what it was about the stairs that made her fall and that while she knows her heel got caught on something, she does not know what it was. (Def.'s S.M.F. ¶¶ 5-7).

In support of its argument, Evergreen cites to *Durham v. HTH Corp.*, 2005 ME 53, 870 A.2d 577. In *Durham*, the Law Court affirmed an entry of summary judgment against a plaintiff who fell down a set of stairs owned by the defendant. *Id.* ¶ 11. The only evidence of any defect in the stairwell was that prior to the accident a metal strip at the top of the stairwell was observed to be dirty and that subsequent to the accident the strip was curled up. *Id.* ¶ 10. Although other patrons had fallen down the stairs on other occasions, there was no evidence regarding the circumstances

---

[1] As the owner of a hotel, Evergreen has a "'positive duty' to exercise reasonable care to protect guests from dangerous conditions on the premises of which he knew or reasonably should have known." *See Estate of Smith v. Salvesen*, 2016 ME 100, ¶ 20, 143 A.3d 780.

2

of those falls or whether the metal strip was the cause. *Id.* ¶ 11. The Law Court held that the plaintiff had not established a prima facie case that the stairwell posed an unreasonably dangerous condition. *Id.*

In contrast to the plaintiff in *Durham*, Quirrion has produced an expert witness who has inspected the hotel premises and will testify that there are numerous, albeit very minor, violations of the applicable building code.[2] (Perkins Aff. ¶¶ 3, 4.) Consequently, Quirrion has produced evidence which is sufficient to support a finding that Evergreen Hotel breached its duty. *See Estate of Smith v. Salvesen*, 2016 ME 100, ¶ 20, 143 A.3d 780 (stating that evidence would permit a jury to reasonably find that a commercial guesthouse breached its duty by failing to comply with applicable building codes); *See also Cox v. Sunday River Estates Owner's Ass'n*, No. CV-17-39, 2018 Me. Super. LEXIS 90 at **4-5.

In order to establish a prima facie case for the element of causation, Quirrion must show that "there is some reasonable causal connection demonstrated in the record between the act or omission of the defendant and the damage that the plaintiff has suffered." *See Estate of Smith*, 2016 ME 100, ¶ 21, 143 A.3d 780. Quirrion need not produce direct evidence of causation but may instead rely on an inference of causation so long as that inference is not unduly speculative. *See id.* "[A]n inference of causation [is] not unduly speculative when the evidence [is] sufficient for a fact-finder to determine that the plaintiff came into direct contact with an allegedly dangerous condition created by the defendant." *Id.* ¶ 23; *see also Cox*, 2018 Me. Super. LEXIS 90 at **5-8.

As discussed above, Quirrion has produced evidence that the stairwell riser height and nosing constitute an unreasonably dangerous condition. Because Quirrion testified in her

---

[2] Evergreen Hotel objects to the expert witnesses affidavit on the grounds that the referenced building code has not been made a part of the record. The witness, however, has identified the building code as the "International Building Code" which, with the exception of the plumbing system provisions, has been adopted as Maine's building code. (Perkins Aff. §§ 3, 4); 16-642 C.M.R. ch. 3, § 4.

deposition that as she was descending the stairwell her heel caught the edge of a stair, there is sufficient evidence which would allow the fact-finder to determine that Quirrion came into direct contact with the dangerous condition. Consequently, there is sufficient evidence to support a finding that the alleged stairway defect caused Quirrion to fall. *Estate of Smith*, 2016 ME 100, 143 A.3d 780; *Cox*, 2018 Me. Super. LEXIS 90.

### Conclusion

Plaintiff Cheryl Quirrion has established a prima facie claim for negligence against defendant Evergreen Hotel. Genuine issues of material fact therefore exist and summary judgment is not appropriate.

**The entry is**

> **Defendant Grace Hospitality Associates, Inc., d/b/a/ Quality Inn & Suites Maine Evergreen Hotel's Motion for Summary Judgment is DENIED.**

**The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).**

Date: 12 12 19

Justice, Superior Court

4