STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO. CV-18-492

CYNTHIA TIBBETTS,                    )
                                     )
            Plaintiff                )
                                     )
       v.                            )      ORDER ON DEFENDANTS' MOTIONS
                                     )      FOR SUMMARY
ABBA INVESTMENT REALTY, LLC,         )      JUDGMENT
K.P. GAGNON COMPANY, LLC, and        )
BACK IN MOTION PHYSICAL              )
THERAPY, LLC,                        )
                                     )
            Defendants               )
                                     )
                                     )
                                     )
                                     )

Before the court are defendants Abba Investment Realty, LLC ("Abba"), K.P. Gagnon

Company, LLC ("Gagnon"), and Back in Motion Physical Therapy, LLC's ("Back in Motion")

motions for summary judgment.

## I.     Factual Background

Defendant Abba owns the building located at 94 Main Street, Gorham, Maine ("94 Main").

(Def. Abba's S.M.F. ¶ 1.) Defendant Back in Motion is the exclusive second floor tenant of 94

Main. (Def. Abba's S.M.F. ¶ 7.) Plaintiff Cynthia Tibbetts was a customer of Defendant Back in

Motion starting in 2016. (Def. Abba's S.M.F. ¶ 9.) Ms. Tibbetts had an appointment with

Defendant Back in Motion on December 5, 2016. (Def. Abba's S.M.F. ¶ 18.) Prior to Ms.

Tibbetts' appointment, it had snowed, but the snow had ceased by the time Ms. Tibbetts arrived

for her appointment. (Def. Abba's S.M.F. ¶ 16.) Following her appointment, Ms. Tibbetts fell

while she was walking down the stairs from Defendant Back in Motion's office on the second floor of 94 Main. (Def. Abba's S.M.F. ¶¶ 19, 24.)

Before she fell, Ms. Tibbetts noticed that some of the stairs were wet, though there was no "wet floor" warning sign posted. (Def. Abba's S.M.F. ¶ 20); (Pl.'s A.S.M.F. ¶ 7.) Ms. Tibbetts tried to avoid the wet spots on the stairs. (Def. Abba's S.M.F. ¶ 23.) However, when she stepped on one of the wet stairs her foot flew out from beneath her, and she lost her grip on the railing. (Def. Abba's S.M.F. ¶¶ 24-25.) As she fell Ms. Tibbetts grabbed for the railing again. (Def. Abba's S.M.F. ¶ 25.) When Ms. Tibbetts grabbed the railing, the railing came out of the wall. (Def. Abba's S.M.F. ¶ 27.) Ms. Tibbetts landed on the lobby floor and sustained injuries as result of her fall. (Def. Abba's S.M.F. ¶¶ 28-29.) Defendant Back in Motion was responsible for providing appropriate signage in the stairway and for keeping the stairway clean. (Pl.'s A.S.M.F. ¶19.)

## II.     Procedural History

Plaintiff Cynthia Tibbets filed a complaint on October 29, 2018, alleging two counts: count I, premise liability; and count II, negligence.[1] Defendant Gagnon filed an answer on November 7, 2018. Defendant Back in Motion filed an answer on November 9, 2018. Defendant Abba filed an answer on January 31, 2019.

Defendants Abba and Gagnon filed a motion for summary judgment on November 5, 2019. Defendant Back in Motion filed a motion for summary judgment on November 12, 2019. Plaintiff opposed both of Defendants' motions for summary judgment on December 5, 2019. Defendants

---

[1] The complaint is actually just one count, as premise liability is a negligence claim that places a heightened duty on land owners in certain contexts such as business owner's duty to a business invitee. *See Durham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577.

2

Abba and Gagnon replied to Plaintiff's opposition on December 17, 2019. Defendant Back in Motion did not file a reply.

### III. Discussion

#### a. Standard of Review

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. CityMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *See Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179.

On summary judgment, the court considers reasonable inferences that may be drawn from the facts. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18. Additionally, the nonmoving party benefits from all "favorable inferences that may be drawn from the facts presented." *Id.* "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." *Id.*

3

### b. Premise Liability

Defendant Abba[2] argues that Ms. Tibbetts cannot establish a prima facie case of negligence against them. (Def. Abba's Mot. Summ. J. 5.) Ms. Tibbetts argues that there are genuine disputes of material facts which preclude summary judgment from being entered. (Pl.'s Opp'n to Def. Abba's Mot. Summ. J. 4.) At issue in this motion is whether Defendant Abba breached a duty owed to Plaintiff.

"When a plaintiff alleges negligence, to survive a defendant's motion for summary judgment, he 'must establish a prima facie case for each element of the cause of action.'" *Murdock v. Thorne*, 2017 ME 136, ¶ 11, 166 A.3d 119 (quoting *Mastriano v. Blyer*, 2001 ME 134, ¶ 11, 779 A.2d 951). To establish a prima facie claim for negligence a plaintiff must show "a duty owed, a breach of that duty, and an injury to the plaintiff that is proximately caused by a breach of that duty." *Canney v. Strathglass Holdings, LLC*, 2017 ME 64, ¶ 19, 159 A.3d 330 (quotation marks omitted).

In Maine, "a business owner owes a positive duty of exercising reasonable care in providing reasonably safe premises . . . when it knows or should have known of a risk to customers on its premises." *Durham*, 2005 ME 53, ¶ 8, 870 A.2d 577 (quotation marks omitted).

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

---

[2] According to their brief, Defendant K.P. Gagnon has no property interest in 94 Main where the accident occurred. (Pl.'s Mot. Summ. J. 1, n.1.) Although there is clear evidence in the record to support this assertion, this fact is not specifically represented in the Statement of Material Facts.

4

*Isaacson v. Husson College*, 297 A.2d 98, 104-05 (Me. 1972) (quoting the Restatement (Second) of Torts § 343 (1965)).

### i. *Notice of Allegedly Defective Railing*

Defendant Abba[3] argues that it was not on notice that the railing was improperly attached to the wall, and therefore Ms. Tibbetts cannot show that Defendant Abba breached a duty to Ms. Tibbetts. (Def. Abba's Mot. Summ. J. 9-12.) Ms. Tibbetts argues that actual notice is not required and that Defendant Abba should have known that the railing was improperly attached to the wall. (Pl.'s Opp'n to Def. Abba's Mot. Summ. J. 7-8.)

Ms. Tibbetts' argument points to the fact that Defendant Abba never performed a building inspection of 94 Main and claims had Defendant Abba done so, Defendant Abba would have discovered the alleged deficiency in the construction of the railing. (Pl.'s Opp'n to Def. Abba's Mot. Summ. J. 7-8.) Ms. Tibbetts' argument does not properly address the standard stated in *Isaacson*, which is "should have known". Rather she is arguing for a standard of "could have known." Ms. Tibbetts has not produced any evidence or authority that Defendant Abba had a duty to conduct a building inspection when it purchased 94 Main. Nor has Ms. Tibbetts brought forth any evidence that the railing was an obvious defect, such as, testimony that the railing was hanging off the wall or that it was loose prior to the accident.[4] Finally, Ms. Tibbetts, by not designating an expert, cannot show what Defendant Abba should have known about the alleged improper construction through the exercise of reasonable care. *See Isaacson*, 297 A.2d at 104. As stated by the Connecticut Supreme Court "a defendant must have actual or constructive notice of a dangerous condition on its premises before being required to remedy it. Notice can be proven in

---

[3] Reference to Defendant Abba includes Defendant Gagnon.

[4] Ms. Tibbetts does state that the railing's defect was obvious, however this is based on affidavit of someone who only saw the railing three years after the accident occurred. This testimony is not relevant to the issue of Defendant Abba's notice prior to the accident. (*See* Pl.'s Opp'n to Def. Abba's Mot. Summ. J. 8); (Pl.'s A.S.M.F. ¶¶ 8-11.)

a number of ways, including by expert testimony as to what the defendant ought to have known." *DiPietro v. Farmington Sports Arena*, LLC, 306 Conn. 107, 115 n.3, 49 A.3d 951, 956 (2012). Summary judgment must be entered in favor of Defendant Abba on Ms. Tibbett's claim of premise liability and negligence based on the allegedly defective railing, "because the plaintiff did not produce any evidence on the essential element of notice, expert testimony or otherwise."[5] *Id.*

### ii. Slippery Condition of the Stairs

The next issue is whether Defendant Abba is liable for the slippery condition of the stairs at the time of the accident. "A landlord is generally not liable for a dangerous condition that comes into being after the lessee takes exclusive possession and control of the premises." *Stewart v. Aldrch*, 2002 ME 16, ¶ 10, 788 A.2d 603. A landlord may still be liable for a dangerous condition if the landlord:

> (a) fails to disclose the existence of a latent defect which he knows
> or should have known existed but which is not known to the tenants
> nor discoverable by them in the exercise of reasonable care;
> (b) gratuitously undertakes to make repairs and does so negligently;
> or
> (c) expressly agrees to maintain the premises in good repair.

*Id.* (quoting *Nichols v. Marsden*, 483 A.2d 341, 343 (Me. 1984)). A landlord also must establish an absence of control "in order to avoid liability for a dangerous condition on the premises." *Stewart*, 2002 ME 16, ¶ 12, 788 A.2d 603. The Law court defines control by a landlord as "power over the premises that the landlord reserves pursuant to the terms of the lease or the tenancy,

---

[5] DICTA Furthermore, there is no evidence in the record that indicates what the applicable code is that the allegedly defective railing did not comply with. Ms. Tibbetts only presents a lay opinion that speculates that the railing "couldn't have met code if it wasn't in a stud" and that this is a violation of a "building code" that "is available to the public on the Internet," however upon the record before the court it is not even clear that the lay person that is delivering this opinion has ever even read the applicable building code. (See Pl.'s Opp. to Def. Abba's S.M.F. ¶ 34.) Ms. Tibbetts also submits her husband's affidavit that states he brought a stud finder to the stairwell at 94 Main, three years after the accident, and concluded that the railing was not placed in a stud. (See Pl's A.S.M.F. ¶ 6.) The affidavit of Mr. Tibbetts is devoid of any information regarding his familiarity on how to use a stud finder. Ms. Tibbetts has not established a prima facie case that the construction of the railing was a dangerous condition. DICTA

whether express or implied, and does not include the incidental control that comes from being able to threaten tenants with nonrenewal of a lease or with eviction." *Id.* at ¶ 13.

Ms. Tibbetts has not made any argument that Defendant Abba knew of the water on the staircase and failed to notify Ms. Tibbetts or Defendant Back in Motion, or that Defendant Abba attempted to clean up the water on the stairs and did so negligently, or that Defendant Abba expressly agreed to keep the staircase clean for Defendant Back in Motion. *Stewart*, 2002 ME 16, ¶ 10, 788 A.2d 603.

Defendant Abba claims that Defendant Back in Motion had exclusive use of the entrance and stairwell leading to the second floor of 94 Main. (S.M.F. ¶¶ 7-8.)[6] Furthermore, Ms. Tibbetts admits that Defendant Back in Motion was responsible for keeping the stairway clean. (Pl.'s A.S.M.F. ¶ 16.) There is no genuine dispute of material fact that that Defendant Back in Motion had exclusive control of the stairwell or that any of the *Nichols/Stewart* exceptions creating landlord liability apply in this case. Summary judgment is granted in favor of Defendant Abba.

As it pertains to Defendant Back in Motion, there is no dispute that the stairs Ms. Tibbetts was descending at 94 Main were "wet" and that no "wet floor" sign had been placed notifying customers of this condition on the day of her accident. (Pl.'s A.S.M.F. ¶¶ 2, 7.) The record shows that Ms. Tibbetts slipped when she stepped onto one of the wet stairs. (Def. Abba's S.M.F. ¶ 24.) Plaintiff has presented a prima facie case that the wet stairs caused her accident. *See generally, Currier v. Toys 'R' Us*, 680 A.2d 453 (Me. 1996).

Defendant Back in Motion argues that there is no evidence that Defendant Back in Motion knew or reasonably should have known of the wet condition on the stairs and therefore Ms.

---

[6] Ms. Tibbetts denies that the Defendant Back in Motion has exclusive use of the entrance and the stairwell leading up to Defendant Back in Motion's office which is the only office located on the second floor. (Opp. S.M.F. ¶ 8.) However, Ms. Tibbetts' denial is not supported by record citations. (*See* Def. Abba's Ex. B, Gagnon Dep. 13, 40.)

7

Tibbetts has failed to establish a prima facie case of breach. (Def. Back in Motion's Mot. Summ. J. 2.) Ms. Tibbetts argues that Defendant Back in Motion should have known about the wet condition of the stairs. (Pl.'s Opp'n to Def. Back in Motion's Mot. Summ. J. 3.)

> When a foreign substance on the floor causes a member of the public to sustain injuries, the injured party ordinarily bears the burden of proving the defendant's negligence by establishing (1) that the defendant caused the substance to be there, or (2) that the defendant had actual knowledge of the existence of the foreign substance, or (3) that the foreign substance was on the floor for such a length of time that the defendant should have known about it.

*Milliken v. Lewiston*, 580 A.2d 151, 152 (Me. 1990). In this case, Ms. Tibbetts claims that the water was on the stairs for such a length of time that Defendant Back in Motion should have known about it. The record shows that Ms. Tibbetts was not aware of any water accumulation on the stairs when she arrived for her appointment. (Def. Back in Motion's S.M.F. ¶ 1); (Pl.'s Opp. to Def. Back in Motion's S.M.F. ¶ 1.) Ms. Tibbetts appointment lasted approximately one hour. (Def. Back in Motion's S.M.F. ¶ 5.) On the day of the accident it had snowed earlier in the morning prior to Ms. Tibbetts' appointment. (Def. Abba's S.M.F. ¶ 16.) Ms. Tibbetts believes that the wet spot formed out of melted snow or ice that fell off of someone's footwear. (Def. Back in Motion's S.M.F. ¶ 4.) The evidence also shows that the floor mats in the entryway to the staircase were worn and had not been changed out in four years at the time of the accident. (Pl.'s A.S.M.F. ¶ 17.)[7] Viewing the evidence in the light most favorable to Ms. Tibbetts, Defendant Back in Motion knew it had snowed earlier that day, knew that customers and employees may have carried snow into the building, knew that the floor mats in the entry way were worn and unsuited to removing snow from footwear, knew that the stairs may be slippery when wet, and did not post a "wet floor"

---

[7] Defendant Abba objects to the relevancy of the wear and tear of the floor mats as the accident occurred on the stairs, however, worn floor mats make it more likely that water would be carried by customers and employees' footwear onto the stairs from outside during snow or rain storms, thus making it more likely that Defendant Back in Motion had notice of possible dangerous conditions on the stairwell.

8

caution sign. A reasonable jury could find that Defendant Back in Motion had constructive notice that there was a dangerous condition on the stairwell. How long the water resided there and whether that time was an unreasonable amount of time to have not discovered this dangerous condition is a determination for the trier of fact. *See Graves v. S.E. Downey Registered Land Surveyor, P.A.*, 2005 ME 116, ¶ 9, 885 A.2d 779 ("[B]reach of the duty and causation are questions of fact."). Ms. Tibbetts has generated a genuine issue of material facts as it relates to Defendant Back in Motion's negligence as to the dangerous condition of water on the stairs leading up to Defendant Back in Motion's office.

## IV.    Conclusion

Summary judgment is granted as to Defendant Abba's and Defendant Gagnon's motion and denied as to Defendant Back in Motion's motion.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: _Feb 14_, 2020

_____
Harold Stewart, II
Justice, Superior Court

9